## Commonwealth ex rel. McAuliffe *v.* Burke, Warden.

PER CURIAM, March 5, 1946:

The petition for a writ of habeas corpus was filed by Valentine McAuliffe, and a rule was granted upon

the District Attorney of Pike County and the warden of the Eastern State Penitentiary to show cause why the writ should not issue. We have before us the warden's answer; none was filed by the district attorney.

On December 31, 1923, relator was sentenced to imprisonment in the Eastern State Penitentiary for a term of nine years and nine months minimum to twenty years maximum, upon an indictment (No. 1 September Term, 1923), charging murder in the second degree to which he pleaded guilty. On November 27, 1933, he was released on parole. Subsequently, July 14, 1936, he was convicted for burglary, and was sentenced, by the Superior Court of California, to serve from five years to life in the state prison of California.

This conviction having been obtained during his parole period he was, on December 21, 1941, returned to the Eastern State Penitentiary of Pennsylvania to serve out his unexpired term, that is, eight years and twenty-one days, parole time forfeited by his conviction, thus making his sentence expire January 22, 1952.

Relator here contends that because of the original commitment, the maximum term is now passed and that he is, therefore, being illegally detained. He further avers that, "under the Constitution and the Penal Code, the post dating of a sentence is illegal, unlawful and unconstitutional." There is no merit in this petition.

The Act of June 22, 1931, P. L. 862, §1, 61 PS §305, provides, in part: "If any convict released on parole, . . . shall . . . commit any crime punishable by imprisonment for which he or she is . . . convicted [while on parole] . . . and sentenced to any place of confinement other than the penitentiary from which he or she was released on parole, such convict shall, in addition to the penalty imposed . . . and after the expiration of the same, be compelled . . . to serve in the penitentiary from which said convict had been released on parole, or in any other institution to which he or she may be legally transferred, the remainder of the term (without

commutation) which said convict would have been compelled to serve but for the . . . said parole . . ."

In *Narcise v. Eastern State Penitentiary*, 137 Pa. Superior Ct. 394, 400, 9 A. 2d 165, this court said: "The parolee has been given, as an act of grace, a conditional opportunity to reenter society and rehabilitate himself. If he breaks faith with society by again committing crime he shows the trust in him to have been misplaced, and because of his breach of condition, he is required to serve the maximum term of his original imprisonment, without commutation." See, also *Com. ex rel. Lerner v. Smith, Warden,* 151 Pa. Superior Ct. 265, 30 A. 2d 347.

The writ is refused.