Besco *v.* General Woodcraft & Foundry, et al.

Argued November 2, 1972, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Carl B. Fried,* with him *Irwin M. Ringold,* for appellants.

*Donald R. McKay,* with him *Cusick, Madden, Joyce & McKay,* for appellee.

OPINION BY JUDGE BLATT, December 18, 1972:

Joseph Besco (claimant) was employed by General Woodcraft & Foundry (employer) as a carpenter when, on July 18, 1968, he was allegedly exposed to noxious fumes or sewer gas, as a result of which he suffered an acute labrynthitis. The claimant thereafter filed a claim petition pursuant to the Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §1 et seq., had a hearing before a referee, and was awarded compensation. On appeal, the Workmen's Compensation Board (Board) reversed the referee and found that the claimant had not been exposed to noxious fumes in the course of his employment and that any disabling condition he incurred was not caused by any accident during his course of employment.

The claimant appealed this decision to the Court of Common Pleas of Mercer County, and at the same time filed a Petition for Rehearing with the Board, as permitted by §426 of the Workmen's Compensation Act, as amended, 77 P.S. §871.[1] The Board ordered a re-

---

[1] "The board, upon petition of any party and upon cause shown, at any time before the court of common pleas of any county of this Commonwealth other than Allegheny County, and in Allegheny County before the county court of Allegheny County, to which an appeal has been taken under the provisions of section four hundred and twenty-seven of this article shall have taken final action thereon, may grant a rehearing of any petition upon which the board has made an award or disallowance of compensation or other order or ruling, or upon which the board has sustained or reversed any action of a referee; but such rehearing shall not be granted more than eighteen months after the board has made such award, disallowance, or other order or ruling, or has sustained or reversed any action of the referee. . . ."

hearing, the employer appealed this decision to the lower court and the claimant filed a Motion to Strike the Appeal, which the lower court granted. The employer then appealed to this Court.

The courts of this Commonwealth have held that an order of the Board granting a rehearing is an interlocutory order and is thus not appealable. *Newancavitch v. Pittsburgh Terminal Coal Corporation,* 131 Pa. Superior Ct. 391, 200 A. 137 (1938); *Giana v. Byllesby Engineering and Management Company,* 122 Pa. Superior Ct. 156, 185 A. 866 (1936). Such an order is what we have here. There has not yet been a final decision which determines the rights of the parties and puts them out of court. The employer would still be permitted to raise the issue that the rehearing had been improperly granted in an appeal from any final decision of the Board. We must, therefore, quash the appeal.

We might note that the order for a rehearing in this case was not similar to that in *Overmiller v. D. E. Horn & Co., Inc.,* 191 Pa. Superior Ct. 562, 159 A. 2d 245 (1960). The court noted in *Overmiller* that "(o)rdinarily, an order of the board granting a new hearing is interlocutory and not appealable,"[2] but that the rehearing there involved would so obviously be improper because the Petition for Rehearing was filed well after the eighteen month limit imposed by §426, that to permit it would not be in the interest of the administration of justice.

It is the employer's contention that the Petition for Rehearing failed to present a "cause shown" for the rehearing because it failed to allege that any new evidence was available. It is true that "(a) rehearing is not to be allowed for the purpose of explaining or strengthening weak proofs which have already been

---

[2] 191 Pa. Superior Ct. at 573, 159 A. 2d at 250.

presented or for the purpose of hearing additional testimony that is merely cumulative." *Hosterman v. Best,* 158 Pa. Superior Ct. 617, 624, 45 A. 2d 872, 875 (1946). It has also been stated, however, that: "The board, upon rehearing and without new evidence being presented before it, may change its mind as a result of reargument and come to a different conclusion. . . . We have held many times that the board has broad powers to grant a rehearing when justice requires it." *Lieberman v. Sunray Drug Company,* 204 Pa. Superior Ct. 348, 351, 204 A. 2d 783, 784 (1964).

On its face, the claimant's petition in this case might well be said to present appropriate claims for reconsideration by the Board, and upon rehearing, such issues might or might not prove to be true. We are not at this point prepared to say, however, as in *Overmiller, supra,* that the Board so clearly abused its discretion by ordering a rehearing that the interests of justice require us to overrule such order despite the interlocutory nature of the appeal.

For the above reasons we quash the appeal and remand the record to the Board for further proceedings.