General Woodcraft & Foundry and American Casualty Company, Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Joseph Besco, Appellees.

Argued January 9, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Carl B. Fried,* with him *Irwin M. Ringold,* for appellants.

*Donald R. McKay,* with him *Cusick, Madden, Joyce, McKay & Associates,* for appellees.

OPINION BY JUDGE BLATT, April 23, 1974:

Joseph Besco (claimant) here seeks workmen's compensation benefits for a disability allegedly resulting from an accident suffered in the course of his employment. He was working as a carpenter for General Woodcraft & Foundry (General Woodcraft), when, in the course of remodeling an old house, he claims to have become violently ill because of exposure to sewer gas escaping from an exposed pipe in the basement. As a result of this incident, he further claims to have

developed an acute labrynthitis, which has rendered him totally disabled.

The referee found that the claimant had suffered a compensable injury while in the course of his employment and was totally disabled as a result thereof. The Workmen's Compensation Board[1] (Board), however, reversed the action of the referee in an adjudication filed on September 9, 1971, holding that the claimant's testimony was not totally credible and that the testimony of the claimant's medical witness was equivocal as to causation.

The claimant appealed to the Court of Common Pleas of Mercer County, and, in addition, filed a Petition for Rehearing with the Board, pursuant to Section 426 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, *as amended*, 77 P.S. §871. On February 9, 1972, the Board granted a rehearing and the lower court remitted the record to the Board. This action was in turn appealed by General Woodcraft to the lower court, which quashed the appeal because it was taken from an interlocutory order. This Court affirmed.[2] Thereafter the Board held a reargument, not hearing any additional evidence, and, on July 19, 1973, affirmed the findings of fact and conclusions of law originally entered by the referee and found for the claimant. General Woodcraft has now appealed to this Court once again.

On appeals to this Court in workmen's compensation cases, where the referee has found in favor of the party carrying the burden of proof and the Board has heard no additional evidence, our scope of review is limited to a determination of whether or not constitutional rights were violated, an error of law was com-

---

[1] Now the Workmen's Compensation Appeal Board.

[2] *Besco v. General Woodcraft & Foundry*, 7 Pa. Commonwealth Ct. 32, 298 A. 2d 60 (1972).

mitted or any necessary findings of fact, as found by the referee, were unsupported by substantial evidence. *Leipziger v. Workmen's Compensation Appeal Board and Guida,* 12 Pa. Commonwealth Ct. 417, 315 A. 2d 883 (1974). It is here the province of the referee, not the Board, to consider the credibility of the witnesses before it. *Malocheski v. Workmen's Compensation Appeal Board and Consolidated Cigar Corporation,* 12 Pa. Commonwealth Ct. 430, 316 A. 2d 81 (1974). When the first adjudication was issued by the Board in this case, the Board was still the final arbiter of the facts, but because the final adjudication of the Board was filed subsequent to the effective date of the Act of March 29, 1972, P. L.   , No. 61, the above stated scope of review is here applicable. The Board in its second opinion here, therefore, was bound by the facts as found by the referee and not by the facts as found earlier by the Board. *Mapp v. City of Philadelphia and Workmen's Compensation Appeal Board,* 13 Pa. Commonwealth Ct. 23, 317 A. 2d 680 (1974).

Our review of the record indicates that there is substantial competent evidence here to support the findings of fact made by the referee. The claimant testified that, while at work on July 18, 1968, he suddenly became nauseated. He said that his head was spinning, he vomited and he blacked out. It was his contention that this sudden attack was caused by the presence of noxious sewer gas in the house. Although he testified that, because of a generally moldy, musty smell in the house, he had been unable to distinguish the odor of sewer gas, another witness, who resided in the house, testified that she had smelled the sewer gas in the house for some considerable time prior to the claimant's attack. There was also testimony to the effect that the sewer pipe in the basement was partially exposed and that there were two holes in it. It is clear that exposure to noxious or toxic gas or fumes can constitute

a compensable accident,[3] and the claimant introduced substantial evidence here to establish the occurrence of such exposure.

The claimant's medical witness, Dr. Victor Jurczenko, testified that the claimant's condition was caused by exposure to the sewer gas, and his testimony seems unequivocal as it appears in the record. He testified as follows: "A. In my opinion at the time of the examination, I felt that Mr. Besco was suffering from a labyrinthian disease. A malfunction of this particular organ in the inner ear. Q. And, Doctor, do you have an opinion as to the cause of that disorder? A. The cause of this particular disorder I deem to be, based on the history presented, that it is logical to have this condition as the result of his exposure to noxious gas fumes." And also: "Q. And is that your final diagnosis, Doctor? A. Yes. Because in medicine there are so many things happen without any obvious cause. It is difficult to disprove and I can say this without hesitation, that the noxious gases are the cause of this labryinthitis." The doctor testified further that the claimant still suffered from nausea, headaches, ringing in the ears and a loss of balance, that he would be unable to engage in any employment which would involve any climbing or bending, and that he would consequently be unable to return to his old duties. We believe, therefore, that the referee's findings as to causation and disability are supported by substantial competent evidence.

Lastly, General Woodcraft has raised the issue of whether or not the Board acted properly in ordering a reargument, after the claimant petitioned for a rehearing. As provided in Section 426 of the Workmen's

---

[3] *Duquesne Brewing Company v. Dyda*, 8 Pa. Commonwealth Ct. 531, 303 A. 2d 541 (1973); *Sinkicwicz v. Susquehanna Collieries Company*, 115 Pa. Superior Ct. 377, 175 A. 757 (1934).

Compensation Act, the Board may grant a rehearing "upon petition of any party and upon cause shown. . . ." Of course, although the grant or refusal of a rehearing is generally within the discretion of the Board, a rehearing should not be allowed simply for the purpose of strengthening weak proofs which have already been presented or for the purpose of hearing additional testimony that is merely cumulative. *Hosterman v. Best*, 158 Pa. Superior Ct. 617, 45 A. 2d 872 (1946). Certainly it would be appropriate to grant a rehearing where additional evidence can be produced or where a party had not been given an opportunity to present his case. *Fronko v. United States Sanitary Manufacturing Company*, 155 Pa. Superior Ct. 636, 39 A. 2d 363 (1944). The claimant's request for rehearing in this case, however, was essentially a request for a reargument. He alleged that the Board misapprehended some issues and completely failed to consider certain others. We cannot hold that the Board abused its discretion by treating a rehearing petition filed pursuant to Section 426 as a request for reargument and by permitting a reargument when it is convinced that it has clearly misapprehended or failed to consider an issue. As our Superior Court has stated: "The board, upon rehearing and without new evidence being presented before it, may change its mind as a result of reargument and come to a different conclusion. . . ." *Lieberman v. Sunray Drug Company*, 204 Pa. Superior Ct. 348, 351, 204 A. 2d 783, 784 (1964). We do not believe, therefore, that the Board in this case abused its discretion in granting a reargument.

For the above reasons, therefore, we enter the following

## ORDER

Now, April 23, 1974, the order of the Board is affirmed and judgment is entered in favor of Joseph Bes-

co and against General Woodcraft & Foundry and/or its insurance carrier, American Casualty Company, for compensation at the rate of $60.00 per week, commencing July 19, 1968 and continuing to September 30, 1968, thereafter recommencing March 17, 1969 and continuing at the rate of $60.00 per week until changed pursuant to the provisions of the Workmen's Compensation Act, including legal interest on all deferred payments, and medical expenses in the amount of $894.66 as follows:

| | |
|---|---:|
| Shenango Valley Osteopathic Hospital | $328.90 |
| Shenango Valley Osteopathic Hospital, X-rays | 30.00 |
| Dr. Victor Jurczenko | 280.00 |
| Medication | 90.48 |
| Dr. Miller (glasses) | 40.00 |
| Barris Ambulance | 26.28 |
| Dr. D. Homa | 6.00 |
| Dr. Mook | 18.00 |
| Cleveland Clinic | 75.00 |