Esther M. Kelly, Widow of Elmer E. Kelly, Deceased, Appellant, *v.* North American Refractories, Pennsylvania Manufacturers' Association Insurance Co., Insurance Carrier, and the Commonwealth of Pennsylvania, Appellees.

Argued February 8, 1974, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as panel of three.

*Alexander J. Pentecost,* with him *Swirles L. Himes,* for appellant.

*James S. Routch,* with him *Merle K. Evey* and *Patterson, Evey, Routch & Black,* for appellees, North American Refractories and Pennsylvania Manufacturers' Association Insurance Co.

*Samuel C. Vary,* Assistant Attorney General, for appellee, Commonwealth of Pennsylvania.

OPINION BY JUDGE CRUMLISH, JR., May 2, 1974:

Elmer E. Kelly (Kelly) started his career as a laborer in the brickyard of North American Refractories in 1937 and ended it on September 13, 1966, because of "shortness of breath." On December 21, 1966, Kelly filed a claim petition for disability benefits for silicosis under the Pennsylvania Occupational Disease Act, Act of June 21, 1939, P. L. 566, *as amended,* 77 P.S. §1201 et seq. He died on May 7, 1967, before his "silicosis case" came to hearing, and on October 25, 1967, his widow, Esther M. Kelly (Claimant) filed a fatal claim petition for death benefits under the Act, alleging that silicosis was attributed to his place of employment and it contributed to her husband's death.

A Referee conducted two hearings wherein Claimant introduced a medical report which stated that decedent was totally and permanently disabled because of his exposure to silica dust in his capacity as a refractory worker. Moreover, the death certificate introduced by both parties asserted that decedent's cause of death was meningitis.

The Referee determined that Kelly had been totally disabled by silicosis and awarded lifetime benefits to Claimant from the date Kelly filed his claim petition up to the date of his death. The Referee further determined that the Claimant had failed to meet the burden of proving that Kelly's death was the result of silicosis caused by his employment and so in turn disallowed death compensation benefits.

Claimant appealed the Referee's decision to the Workmen's Compensation Appeal Board (Board) which affirmed the Referee's findings of fact and conclusions of law which in effect validated the disallowance of death benefits. Claimant then appealed that decision to the Court of Common Pleas of Huntingdon County. In addition, Claimant filed a Petition for Rehearing with the Board. It was denied on the ground

that the new information which Claimant sought to introduce at the rehearing had been available previously to Claimant. The Board also determined that Claimant's Petition for Rehearing did not comply with Board published rules. This decision was also appealed to the Common Pleas Court of Huntingdon County, which heard both cases, and affirmed the decision of the Board.

The sole issue before us is whether the Board erred as a matter of law when it denied Claimant's Petition for Rehearing.

It is clear that Claimant wants to introduce testimony at a rehearing which would minimize the effect of the conclusion on the death certificate that decedent had died of meningitis, hence the burden would have been easier to overcome in showing that her husband's death was the result of silicosis. An order denying rehearing is within the Board's discretion and is reversible only when it is concluded that it abused its discretion. *Gould v. Wood*, 200 Pa. Superior Ct. 186, 186 A. 2d 412 (1962). The purpose of a rehearing is to take testimony which had not been offered at the original hearing because it had not been available or because Claimant suffered a disability at that time. *Powell v. Sonntag*, 159 Pa. Superior Ct. 354, 48 A. 2d 62 (1946). In addition, it must be averred that the evidence which would now be presented was obtained after the hearing and that even in the exercise of ordinary diligence, it could not have been presented at the hearing. *Naomi Fetzer v. Michrina*, 8 Pa. Commonwealth Ct. 273, 301 A. 2d 924 (1973); *Hiram Wible and Son v. Workmen's Compensation Appeal Board*, 8 Pa. Commonwealth Ct. 196, 302 A. 2d 517 (1973).

Here the evidence sought to be introduced at rehearing was readily available to Claimant at the time of the previous hearings. Accordingly, we hold that the Board did not abuse its discretion when it denied Claimant's Petition for Rehearing. Judgment affirmed.