348

Edward Richey and Workmen's Compensation Appeal Board *v.* Pittron Company and Commonwealth of Pennsylvania. Commonwealth of Pennsylvania, Appellant.

Argued October 29, 1976, before Judges Wilkinson, Jr., Rogers and Blatt, sitting as a panel of three.

*Mary Ellen Krober,* Assistant Attorney General, for appellant.

*Robert C. Little,* with him *Burns, Manley & Little,* and *James N. Diefenderfer,* for appellees.

Opinion by Judge Blatt, January 27, 1977:

Edward Richey, claimant, was awarded workmen's compensation benefits by the referee under the pro-

visions of The Pennsylvania Workmen's Compensation Act[1] (Act). The defendant-employer, Pittron Company, appealed the award to the Workmen's Compensation Appeal Board which affirmed the compensation award and imposed seventy-five percent liability for the award upon the Commonwealth pursuant to Section 305.1 of the Act, 77 P.S. §411.1, which provides that, for disability occurring between July 1, 1973 and June 30, 1974, from silicosis, anthraco-silicosis or coal-workers' pneumoconiosis as defined in Section 108(q) of the Act, the Commonwealth shall pay seventy-five percent of the compensation awarded.[2] Although the defendant-employer has not appealed from the Board's affirmance of the compensation award, the Commonwealth has appealed from the imposition of liability upon it pursuant to Section 305.1.

From 1936 to 1946 the claimant had been employed in the coal industry, and had been exposed to coal dust for this ten-year period. He then was employed for twenty-two years, from 1952 until 1974, with the defendant company or its predecessors in foundry operations which, as found by the referee, exposed him to a silica hazard and other noxious dusts and fumes peculiar to the foundry industry. The referee awarded benefits pursuant to Section 108(k) of the Act, 77 P.S. §27.1(k), which provides that silicosis in any oc-

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq. The claimant had filed his petition for compensation under The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended*, 77 P.S. §1201 et seq., but he amended the petition and requested compensation under Sections 108(k) or 108(n) of The Pennsylvania Workmen's Compensation Act, 77 P.S. §§27.1(k) or 27.1(n).

[2] The referee's finding of fact that the claimant was last exposed to the hazard here involved on or after July 31, 1973 has not been contested.

cupation involving direct contact with, handling of, or exposure to the dust of silicon dioxide is an occupational disease under the Act.

The only issue presented in this appeal is whether or not the Commonwealth has liability under Section 305.1 of the Act when an award of compensation is made under Section 108(k) of the Act. This is a question of first impression and, after reviewing the statutory provisions here involved, we believe that the Board committed an error of law in imposing liability upon the Commonwealth.

Section 108 of the Act was added by the Act of October 17, 1972, P.L. 930 (effective immediately), and subsection (k) thereof provided that the following constituted a compensable occupational disease:

> (k) Silicosis in any occupation other than in and around a coal mine, involving direct contact with, handling of, or exposure to the dust of silicon dioxide.

This act also provided compensation for the following:

> (n) All other diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are causally related to the industry or occupation, and (3) the incidence of which is substantially greater in that industry or occupation than in the general population. For the purposes of this clause . . . the diseases silicosis, anthraco-silicosis and coal workers' pneumoconiosis resulting from employment in and around a coal mine, shall not be considered occupational diseases.

It is clear that silicosis, anthraco-silicosis, and coalworkers' pneumoconiosis resulting from employment in the coal industry were thus excluded from the Act.

Section 108(k) of the Act was later amended by the Act of December 6, 1972, P.L. 1627, by deleting the

words "other than in and around a coal mine," to provide as follows:

(k) Silicosis in any occupation involving direct contact with, handling of, or exposure to the dust of silicon dioxide.

Two new sections, 108(q) and 305.1, were added to the Act by the same amendment and provide as follows:

Section 108(q). *Coal worker's pneumoconiosis, anthraco-silicosis and silicosis (also known as miner's asthma or black lung) in any occupation involving direct contact with, handling of, or exposure to the dust of anthracite or bituminous coal.* Section 108(q) of the Act, 77 P.S. §27.1(q). (Emphasis added.)

Section 305.1. *Any compensation payable under this act for silicosis, anthraco-silicosis or coal-worker's pneumoconiosis as defined in section 108(q) for disability occurring on or after July 1, 1973 or for death resulting therefrom shall be paid as follows: if the disability begins between July 1, 1973 and June 30, 1974, inclusive, the employer shall pay twenty-five per centum and the Commonwealth seventy-five per centum.* . . . Section 305.1 of the Act, 77 P.S. § 411.1. (Emphasis added.)

We believe that the application of Section 305.1 is clearly limited to cases where the three diseases defined in Section 108(q) are found and that the term "silicosis" as used in Section 305.1 means "silicosis (also known as miner's asthma or black lung) in any occupation involving direct contact with, handling of, or exposure to the dust of anthracite or bituminous coal."[3] We hold here, therefore, that an award of com-

---

[3] In *Workmen's Compensation Appeal Board v. Bethlehem Mines Corp.*, 23 Pa. Commonwealth Ct. 517, 521, 353 A.2d 79, 81 (1976), Judge Rogers pointed out that the legislature intended "Section

pensation made pursuant to Section 108(k) of the Act does not impose liability upon the Commonwealth under Section 305.1 of the Act.

## ORDER

AND Now, this 27th day of January, 1977, the order of the Workmen's Compensation Appeal Board is reversed insofar as it imposes liability for a portion of the award upon the Commonwealth.

The award of the referee is reinstated and, accordingly, judgment is entered in favor of Edward Richey (claimant). Pittron Company and/or the Aetna Life and Casualty Insurance Company (defendants) are hereby ordered to pay to the claimant compensation at the rate of $106.00 per week commencing April 15, 1974 and continuing into the indefinite future, all within the terms and conditions of The Pennsylvania Workmen's Compensation Act.

It is further ordered that the defendants shall reimburse the claimant the sum of $348.00 for medical and prosecution costs.

The above award is to bear interest at the rate of 10% per annum on all deferred payments of compensation in accordance with the provisions of the Act.

It is further ordered that reasonable attorney fees and expenses are approved in the sum of $1,450.00, which amount shall be deducted from the deferred compensation plus appropriate interest due the claimant, and said sum shall be forwarded directly to the claimant's attorney.

---

305.1, 77 P.S. §411.1, to provide a short term State subsidy for compensation of disabled coal miners. . . ." The claimant here was found to be a disabled *foundry* worker.