Frederick E. Douglas, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Bethlehem Mine Company, Respondents.

Argued September 16, 1977, before Judges CRUM-LISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*John Woodcock, Jr.,* with him *Woodcock & Woodcock,* for petitioner.

*John J. Baynato,* with him *Robert G. Rose,* and *Spence, Custer, Saylor, Wolfe & Rose,* for respondent.

OPINION BY JUDGE ROGERS, October 5, 1977:

In December 1974, Frederick E. Douglas filed a workmen's compensation claim based on an alleged work-related injury suffered in 1972. After hearings, a referee denied benefits. Douglas appealed. The Workmen's Compensation Appeal Board affirmed the referee's decision and mailed a notice of its action to the parties on May 6, 1976. No appeal from this order was taken. On May 25, 1976, Douglas filed with the Board a Petition for Rehearing in which he assigned as the sole reason for a rehearing the fact that he had witnesses present at the referee's hearings which he did not call because he "was informed that they were not necessary." The Board denied the requested rehearing and Douglas has appealed that determination.

We first note that Douglas argues the merits of the referee's order and of the Board's action affirming it. Not having appealed the Board's order of May 6, 1976, he may not contest its propriety in this appeal from the refusal of a rehearing filed in this Court five months later. An appeal to this Court from the Board's affirmance had to be taken, if at all, "within twenty days after notice of the action of the board has been served upon such party." Section 427 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §873;[1] *Workmen's Compensation Appeal Board v. Johnson,* 20 Pa. Commonwealth Ct. 231, 341 A.2d 539 (1975). The first and only petition for review re-

---

[1] Section 427 of the Act was, after the events of this case, suspended by Rule 5105(d) of the Rules of Appellate Procedure, and the time for appeal in this class of cases was extended to thirty days by Pa. R.A.P. 1512 (effective July 1, 1976).

ceived by this Court was dated October 5, 1976. Although Section 427 of the Act also provides that this Court may, upon cause shown, extend the time for appeal, the application for extension must itself be filed within the statutorily proscribed appeal period. *Miles v. Masters,* 374 Pa. 127, 97 A.2d 36 (1953). The result of the appellant's failure to appeal the Board's affirmance of the referee's denial of benefits within twenty days is that the only action of the Board before the Court is its decision to deny the appellant a rehearing under Section 426 of the Act, 77 P.S. §871.

Under the Act, the grant or denial of a rehearing is within the discretion of the appeals board. *General Woodcraft & Foundry v. Workmen's Compensation Appeal Board,* 13 Pa. Commonwealth Ct. 357, 318 A. 2d 385 (1974); *Lako v. Schlessinger,* 208 Pa. Superior Ct. 85, 220 A.2d 665 (1966). This Court's scope of review of Board rehearing decisions is therefore limited to correcting abuses of that discretion. *Kelly v. North American Refractories,* 13 Pa. Commonwealth Ct. 321, 319 A.2d 428 (1974).

Although Section 426 of the Act does not provide any guidelines for the exercise of the Board's discretion in granting or denying rehearing, it is understood that a proper ground for rehearing is to afford the applicant an opportunity to adduce testimony not offered at the original hearing because it was not then available. *Kelly, supra; Powell v. Sonntag,* 159 Pa. Superior Ct. 354, 361, 48 A.2d 62, 66 (1946). The appellant here was required to, but did not, allege that the testimony he would adduce was obtained after the hearing and that by the exercise of ordinary diligence he could not have produced it at the hearings. *Kelly, supra; Fetzer v. Michrina,* 8 Pa. Commonwealth Ct. 273, 301 A.2d 924 (1973); *Hiram Wible & Son v. Keith,* 8 Pa. Commonwealth Ct. 196, 302 A.2d 517 (1973). Indeed, he alleges the contrary—that he had the wit-

nesses at the referee's hearings and that they were not called.

The Board's order is affirmed.

### ORDER

AND Now, this 5th day of October, 1977, the order of the Workmen's Compensation Appeal Board made August 31, 1976 dismissing the appellant's Petition for Rehearing is affirmed.