Pennsylvania Glass-Sand Corporation and Pennsylvania Manufacturer's Association Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Donald F. Goss, Respondents.

Argued June 7, 1979, before Judges BLATT, DI-SALLE and CRAIG, sitting as a panel of three.

*David P. Andrews,* with him *Patterson, Evey, Routch, Black & Behrens,* for petitioner.

*Sandra S. Christianson,* Assistant Attorney General, for respondents.

OPINION BY JUDGE CRAIG, October 5, 1979:

The lone issue presented by this appeal is whether the Workmen's Compensation Appeal Board (Board) improperly granted the Commonwealth's petition for a rehearing under Section 426 of The Pennsylvania Workmen's Compensation Act[1] (Compensation Act).

Claimant, a refractory worker, had filed a claim petition for compensation for total disability from sili-

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §871.

cosis. The Commonwealth and employer answered denying existence of a compensable disease under either the Compensation Act or the Pennsylvania Occupational Disease Act.[2]

The referee found that claimant's current total disability was due in part to his exposure to silica hazards in his employment after June 30, 1973 and that the date of his disability occurred between June 30, 1973 and July 1, 1974.

He made the award of compensation under Section 108(q) of the Compensation Act,[3] which provides that "[c]oal worker's pneumoconiosis, anthraco-silicosis and silicosis" are to be treated as compensable disabilities under the Compensation Act. The Commonwealth accordingly became liable to pay 75% of the compensation under Section 305.1 of the Compensation Act.[4]

The Commonwealth appealed that decision on the ground that claimant's disability was compensable only under the Disease Act. Exceptions filed by the Commonwealth also raised the question of whether the referee erred in assessing 75% of the liability against the Commonwealth. The Board affirmed the referee's decision per curiam but never addressed the question of law regarding the statutory authority for the award.

While an appeal to this court was pending, the Commonwealth filed the petition for rehearing, for the first time specifically contending that the award should have been made under Section 108(k) of the Compensation Act,[5] which would make Section 305.1

---

[2] Act of June 21, 1939, P.L. 566, *as amended*, 77 P.S. §1201 et seq.

[3] Added by the Act of October 17, 1972, P.L. 930, *as amended*, 77 P.S. §27.1(q).

[4] Added by the Act of December 6, 1972, P.L. 1627, 77 P.S. §411.1.

[5] Added by the Act of October 17, P.L. 930, *as amended*, 77 P.S. §27.1(k).

of the Compensation Act inapplicable and require the employer to pay the entire compensation due.

The Board granted the petition and sent the record back to the referee who allowed claimant to state for the record his election to proceed under the Compensation Act. The referee issued a new decision dated October 26, 1976, re-affirming the original findings as to disability and acknowledging that it was now clear that refractory workers suffering silicosis disability were to be awarded compensation under Section 108 (k) of the Compensation Act, not Section 108(q). He therefore assessed all compensation payments against the employer's insurance carrier.

The Board affirmed and this appeal followed.

Sections 108(k), 108(q) and 305.1 were all added to the Compensation Act in 1972. A period then ensued during which the compensation authorities were uncertain as to the proper applicability of these various amendments to the Compensation Act. During that period the petition for rehearing was granted in this case.

This case is affected by the timing of our decision in *Richey v. Pittron Company*, 28 Pa. Commonwealth Ct. 348, 368 A.2d 1311 (1977), which was filed on January 27, 1977. That decision extensively reviewed the interrelationship of 1972 amendments to the Compensation Act and concluded that:

> [T]he application of Section 305.1 is clearly limited to cases where the three diseases defined in Section 108(q) are found and . . . the term 'silicosis' as used in Section 305.1 means 'silicosis . . . in any occupation involving direct contact with, handling of or exposure to the dust of anthracite or bituminous coal.' (Footnote omitted.)

28 Pa. Commonwealth Ct. at 351, 368 A.2d at 1313.

In retrospect *Richey* then made clear that the first award was erroneous because silicosis disabilities incurred in non-coal-related occupations are compensable under Section 108(k), which the Commonwealth does not subsidize.

The controlling principles in this kind of rehearing case are those set forth by Judge BLATT, speaking for the court in *General Woodcraft & Foundry v. Workmen's Compensation Appeal Board,* 13 Pa. Commonwealth Ct. 357, 318 A.2d 385 (1974):

> As provided in Section 426 of the Workmen's Compensation Act, the Board may grant a rehearing 'upon petition of any party and upon cause shown. . . .' Of course, although the grant or refusal of a rehearing is generally within the discretion of the Board, a rehearing should not be allowed simply for the purpose of strenthening weak proofs which have already been presented or for the purpose of hearing additional testimony that is merely cumulative. Hosterman v. Best, 158 Pa. Super. Ct. 617, 45 A.2d 872 (1946). . . . The claimant's request for rehearing in this case, however, was essentially a request for a reargument. . . . As our Superior Court has stated: 'The board, upon rehearing and without new evidence being presented before it, may change its mind as a result of reargument and come to a different conclusion. . . .' Liberman v. Sunray Drug Company, 204 Pa. Super. Ct. 348, 351, 204 A.2d 783, 784 (1964). We do not believe, therefore, that the Board in this case abused its discretion in granting a reargument.

*General Woodcraft & Foundry v. Workmen's Compensation Appeal Board,* 13 Pa. Commonwealth Ct. at 361-62, 318 A.2d at 387-88. *See also Besco v. General*

*Woodcraft & Foundry,* 7 Pa. Commonwealth Ct. 32, 298 A.2d 60 (1972).

In this case, the Commonwealth's petition under Section 426 questioned whether the Board had fully and adequately considered the propriety of the referee's third conclusion of law in the original award, assessing 75% of the compensation against the Commonwealth. The petition further stated that all the other issues in the case had been resolved by our interim decision in *Workmen's Compensation Appeal Board v. Commonwealth,* 19 Pa. Commonwealth Ct. 499, 338 A.2d 758 (1975). Therefore, it essentially asked for an opportunity to reargue the applicable law—the 1972 additions to the Compensation Act—which had by that time become clearer.

That the Board then remanded to allow claimant to clarify the record by stating his election to proceed under the Compensation Act does not alter the essential characteristic of this petition as a request to reargue before the Board the applicable law.

In *Busch v. Jones & Laughlin Steel Corp.,* 150 Pa. Superior Ct. 48, 27 A.2d 656 (1942), the court reversed the Board where it allowed a petition under Section 413 of the Compensation Act (to modify an agreement) because our Supreme Court had interpreted a calculation of compensation provision in the Compensation Act which made the previous award erroneous under the Supreme Court case.

In reversing the Board's allowance of the Section 413 petition, the Superior Court suggested that the proper procedure would have been to file a Section 426 petition for rehearing.

We find the present case sufficiently analogous to hold that the Board did not abuse its discretion in granting the Commonwealth's petition here.

Accordingly, we affirm.

### ORDER

AND Now, this 5th day of October, 1979, the order of the Workmen's Compensation Appeal Board dated January 26, 1978, at A-72363, dismissing the appeal of Pennsylvania Glass-Sand Corporation and Pennsylvania Manufacturer's Association Insurance Company, is hereby affirmed.