Babcock & Wilcox Construction Co., Inc. and The Travelers Insurance Company, Insurance Carrier, Petitioners *v.* Joseph St. John, Deceased, by Sylvania, Widow, Respondent.

Argued October 3, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

2

*Richard D. Harburg,* with him *Thomas W. Murphy, Joseph J. Murphy, Robert J. Murphy,* and *Murphy, Murphy & Murphy,* for petitioners.

*Neil A. Morris,* with him *Wilbur Greenberg,* and, of counsel, *Sidkoff, Pincus, Greenberg & Green,* P.C., for respondent.

OPINION BY JUDGE MENCER, December 12, 1979:

Babcock & Wilcox Construction Co., Inc. (Babcock) and its insurance carrier, The Travelers Insurance Company, appeal an order of the Workmen's Compensation Appeal Board (Board) granting compensation to Sylvania St. John (claimant) for the death of her husband, Joseph St. John (decedent). We affirm.

On June 14, 1972, decedent, a boilermaker, reported to his construction site shortly before his scheduled starting time of 8 a.m. After checking in, decedent changed into his work clothes in the building provided by Babcock and reported for work. Because of inclement weather, however, decedent did not immediately begin working but engaged in conversation with his fellow employees. Subsequently, decedent walked to a portable toilet which was approximately 10 to 15

feet away. As he approached the facility, decedent stumbled over a ledge or step leading to the toilet and fell forward into the facility. Decedent was taken unconscious from the building and rushed to a hospital where he was pronounced dead on arrival. The cause of death was a heart attack.[1]

Claimant filed a fatal claim petition pursuant to The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq., alleging that decedent's heart attack was caused by the trauma of his fall. The referee, after several hearings, awarded claimant compensation. The Board, however, reversed, finding that claimant had not proved that decedent's injury was related to his employment. Upon claimant's petition for a rehearing, the Board reversed itself and ordered compensation. This appeal followed.

Babcock argues that the Board erred in granting a rehearing. We disagree. The decision to grant or deny a rehearing, which is authorized by Section 426 of the Act, 77 P.S. §871, is within the Board's discretion and will only be reversed for an abuse of that discretion. *Douglas v. Workmen's Compensation Appeal Board*, 32 Pa. Commonwealth Ct. 156, 377 A.2d 1300 (1977); *General Woodcraft & Foundry v. Workmen's Compensation Appeal Board,* 13 Pa. Commonwealth Ct. 357, 318 A.2d 385 (1974). Here, the Board granted the rehearing because it believed it had misapplied the law, in view of our decision in *Workmen's Compensation Appeal Board v. United States Steel Corp.,* 31 Pa. Commonwealth Ct. 329, 376 A.2d 271

---

[1] Testimony was presented that decedent suffered from a preexisting heart condition. It is settled, however, that the mere presence of a preexisting disease does not prevent recovery under the Act. *See Lanzarotta v. Workmen's Compensation Appeal Board*, 42 Pa. Commonwealth Ct. 284, 400 A.2d 697 (1979); *Workmen's Compensation Appeal Board v. G.M. & W. Coal Co.,* 29 Pa. Commonwealth Ct. 138, 370 A.2d 386 (1977).

(1977), which was reported shortly after the Board's decision to deny compensation. Although a rehearing is generally granted to allow a party to present newly discovered, noncumulative evidence, *see, e.g., Douglas, supra,* we cannot say the Board abused its discretion by granting a rehearing to correct a mistake of law or its misapprehension of an issue. *General Woodcraft & Foundry, supra; Lieberman v. Sunray Drug Co.,* 204 Pa. Superior Ct. 348, 204 A.2d 783 (1964), *cert. denied,* 382 U.S. 819 (1965).

Babcock next argues that the Board erred in finding that decedent had suffered an injury in the course of, and related to, his employment, as required by Section 301(c)(1) of the Act, 77 P.S. §411(1). Again, we disagree.

There is no question that decedent was injured while in the course of his employment. Although decedent was not actually engaged in the furtherance of his employer's business at the time of his fall, the referee found, on substantial evidence, that claimant had met the alternative requirements of Section 301 (c)(1) in that decedent was injured (1) on the employer's premises, (2) by a condition of the premises,[2] and (3) at a time when his presence on the job site was required by his employment contract.[3]

Likewise, we find that claimant has shown, by substantial evidence, the necessary causal connection be-

---

[2] Although Babcock contended that decedent's fall was caused by a heart attack, which was triggered by his preexisting heart condition, claimant presented a witness who specifically stated he saw decedent stumble over the ledge or step leading to the portable toilet.

[3] We note that the mere fact decedent had not commenced work or was attending to his personal needs at the time of his fall did not place him outside of his course of employment. *See Workmen's Compensation Appeal Board v. Levy,* 23 Pa. Commonwealth Ct. 658, 354 A.2d 7 (1976) ; *Workmen's Compensation Appeal Board v. Borough of Plum,* 20 Pa. Commonwealth Ct. 35, 340 A.2d 637 (1975).

tween decedent's death and his employment. Claimant presented the testimony of Dr. Stanley Spitzer who, in answer to a hypothetical question and after reviewing decedent's medical records, stated, unequivocally, that decedent's death resulted from ventricular fibrillation, secondary to arteriosclerotic heart disease which was precipitated by his fall. *See Spatola & Thompson v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 137, 401 A.2d 877 (1979). While Babcock presented contrary medical evidence, the referee, as the ultimate factfinder, resolved this conflict in favor of claimant and thus we are bound by such resolution. *Workmen's Compensation Appeal Board v. Jeddo Highland Coal Co.,* 19 Pa. Commonwealth Ct. 90, 338 A.2d 744 (1975).

Accordingly, we enter the following

## Order

And Now, this 12th day of December, 1979, the order of the Workmen's Compensation Appeal Board, dated November 16, 1978, is affirmed. Accordingly, it is ordered that judgment be entered in favor of Sylvania St. John and against Babcock & Wilcox Construction Co., Inc., and its insurance carrier, The Travelers Insurance Company, in the amount of $94 per week for the period beginning June 14, 1972 and continuing for the duration of claimant's widowhood, together with interest at the rate of 10 percent per annum on deferred payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.

In addition, Babcock & Wilcox Construction Co., Inc., and The Travelers Insurance Company are directed to reimburse claimant, in the statutory amount of $750 for the burial expense of her husband, together with interest at the rate of 10 percent per annum from

the date of the filing of the fatal claim petition on January 26, 1973 to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.