Frank Lee Anderson, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Richard Myers, Respondents.

Argued May 5, 1980, before Judges. WILKINSON, JR., CRAIG and MACPHAIL, sitting as a panel of three.

*Thomas P. Geer,* for petitioner.

*J. Lawson Johnson,* with him, *Eugene F. Scanlon, Jr.,* and *James R. Miller, Dickie, McCamey & Chilcote,* for respondent.

OPINION BY JUDGE WILKINSON, JR., May 29, 1980:

The lone issue presented by this appeal is whether the Workmen's Compensation Appeal Board (Board) erred in its decision to deny petitioner (claimant) a rehearing under Section 426 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §871.

Claimant worked as a race horse groom. On June 30, 1977 claimant filed a Claim Petition alleging that on March 29, 1977, while in the course of his employment, he was pinned against a wall by a horse and sustained injuries to his back and hips, resulting in disability on April 4, 1977. The employer, through its insurance carrier, filed an answer denying the allegations and demanding strict proof thereof. The initial hearing on the petition was held on July 25, 1977, at which claimant testified. During cross-examination of

claimant, counsel for the employer produced a statement taken from claimant by an insurance adjuster on April 13, 1977, the day after claimant's discharge from a hospital. Claimant was questioned concerning the lack of any mention in that statement of an incident of being pinned by a horse on March 29, 1977. During a series of continuances of hearings on the case, claimant obtained new counsel. Following the deposition of claimant's treating physician and the submission of various exhibits, the case was closed.

By his decision dated May 30, 1978 the referee denied compensation and dismissed the Claim Petition, finding that the claimant had failed to sustain his burden of proving that he suffered a work-related injury. The referee's opinion, inter alia, described how some of the admitted exhibits varied from claimant's testimony, considered the testimony of claimant's physician to be equivocal, and reviewed medical evidence indicating a non-work-related source of claimant's physical ailments. An appeal to the Board followed, and the Board entered an order dated January 4, 1979 dismissing the appeal and affirming the decision of the referee. The Board's opinion noted that claimant had not presented the necessary medical evidence to support an award and that apparently the referee, in his role as factfinder and judge of credibility, did not believe the claimant's account of the March 29, 1977 incident. On January 25, 1979 claimant filed with the Board a Petition for Reargument praying for a remand of the case to the referee or an argument before the Board on the merits of remand. The main contentions of the petition were that the referee considered the cross-examination based on the April 13, 1977 statement and erroneously relied upon it in making his findings of fact. The Board treated the petition as one for a rehearing and permitted argument on the matter. On June 7, 1979 the Board entered an order dismissing the petition.

Because claimant did not appeal the Board's order of January 4, 1979, only the decision to deny claimant a rehearing under Section 426 of the Act is here for review. *See Douglas v. Workmen's Compensation Appeal Board*, 32 Pa. Commonwealth Ct. 156, 377 A.2d 1300 (1977). Claimant argues that the Board erred in refusing to grant a rehearing. We disagree.

The decision to grant or deny a rehearing is within the Board's discretion and will only be reversed for an abuse of that discretion. *Babcock & Wilcox Construction Co. v. St. John,* Pa. Commonwealth Ct. , 408 A.2d 915 (1979). A rehearing is generally granted to allow a party to present newly discovered, noncumulative evidence or to allow the Board to correct a mistake of law or its misapprehension of an issue. *Babcock & Wilcox Construction Co., supra.*

In the instant case the Board correctly concluded there was no statutory prohibition to the consideration of the evidence relating to the statement of April 13, 1977. The statutory authority claimant relied upon for his proposition, namely the Act of June 9, 1972, P.L. 359, *formerly* 12 P.S. §1630, was repealed by Section 2(a) [1453] of the Act of April 28, 1978, P.L. 202, *as amended,* and was replaced by Section 7101 of the Judicial Code, 42 Pa. C.S. §7101. Section 7101 of the Judicial Code provides that the statements which are inadmissible as evidence are those taken while an injured person is confined to a hospital and taken for the purpose of negotiating a settlement or obtaining a release. Neither criterion was present in the instant case. Further, we cannot hold that the Board abused its discretion by refusing to permit claimant to again present his medical evidence and to attempt anew to meet his burden of proof. "[A] rehearing should not be allowed simply for the purpose of strengthening weak proofs which have already been presented...." *General Woodcraft & Foundry v. Workmen's Compensation*

*Appeal Board,* 13 Pa. Commonwealth Ct. 357, 362, 318 A.2d 385, 387 (1974).

Accordingly, we will enter the following

ORDER

AND NOW, May 29, 1980, the order of the Workmen's Compensation Appeal Board at Docket No. A-75462, Rehearing No. 3868, dated June 7, 1979, denying the petition for rehearings, is affirmed.