Harlee Marshall, Petitioner *v.* Workmen's Compensation Appeal Board (Temple University and Insurance Company of North America), Respondents.

Argued June 7, 1982, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Gerald J. Haas,* for petitioner.

*Ronald F. Bové, Swartz, Campbell & Detweiler,* for respondent, Temple University.

26

Opinion by President Judge Crumlish, Jr., January 4, 1983:

Harlee Marshall appeals a Workmen's Compensation Appeal Board order reversing a referee's decision and terminating compensation. We affirm.

Marshall, a Temple University maintenance man, received benefits after sustaining a back injury in a fall. Temple later filed a termination petition, alleging that Marshall's disability, although continuing, was no longer related to the injury. The referee denied the petition, deciding that Temple had not met its burden of proving the claimant's existing disability was not the result of the injury.[1] The Board reversed, concluding that the referee's decision was made in capricious disregard of competent evidence.[2] Marshall appealed.[3]

Marshall argues that the Board erred in finding that the referee had capriciously disregarded competent evidence because the evidence proffered at the hearing was conflicting. We disagree. The medical experts of *both* parties testified that, in their opinions, the existing disability was not the result of the in-

[1] Since the existence of Marshall's disability was not in issue before the referee, Temple bore the burden of proving an absence of causal connection between the disability and the compensable injury. *George v. Workmen's Compensation Appeal Board*, 63 Pa. Commonwealth Ct. 23, 437 A.2d 521 (1981).

[2] Capricious disregard of competent evidence in a workmen's compensation case is willful, deliberate disbelief of an apparently trustworthy witness, whose testimony one has no basis to challenge. *Brayo v. Workmen's Compensation Appeal Board*, 62 Pa. Commonwealth Ct. 234, 435 A.2d 1346 (1981).

[3] Our scope of review where, as here, the party with the burden of proof did not prevail before the referee includes examining whether the Board erred in determining whether or not the referee's findings were made in capricious disregard of competent evidence and, also, whether the Board committed other errors of law. *Workmen's Compensation Appeal Board v. Young*, 18 Pa. Commonwealth Ct. 515, 336 A.2d 665 (1975).

jury sustained in the fall, but of the natural progress of Marshall's pre-existing degenerative joint and intervertebral disc diseases. A review of the record has disclosed no countervailing evidence.[4] The Board properly concluded that the referee capriciously disregarded competent evidence because the record does not support his conclusion, but indeed supports a contrary one due to the absence of any valid basis for challenging the credibility of the expert testimony. *Beth-Allen Ladder Co. v. Workmen's Compensation Appeal Board,* 53 Pa. Commonwealth Ct. 323, 417 A.2d 854 (1980).[5]

Marshall also argues that the Board's refusal to grant a rehearing to allow him to introduce additional medical testimony was erroneous. This contention is without merit. The decision to grant or deny a rehearing is solely in the Board's discretion and will only be reversed for an abuse of that discretion. *Anderson v. Workmen's Compensation Appeal Board,* 51 Pa. Commonwealth Ct. 582, 414 A.2d 774 (1980). The Board did not abuse its discretion in denying a rehearing requested merely to strengthen weak proofs previously offered. *Pennsylvania Glass-Sand Corp. v. Workmen's Compensation Appeal Board,* 46 Pa. Commonwealth Ct. 377, 407 A.2d 76 (1979).

Affirmed.

---

[4] We have examined the specific points of apparent testimonial conflict noted in claimant's brief and have found, upon examination of the testimony as a whole, an absence of significant, actual conflict.

[5] The Board's statement to the effect that Marshall introduced no countervailing evidence is not, as Marshall contends, evidence of an erroneous shift in the burden of proof to the claimant, but merely the Board's recognition of the fact that none of the evidence presented, including that of the claimant, supported the referee's determination.

## ORDER

The Workmen's Compensation Appeal Board orders, Nos. A-75942 and Rehear. 3890, dated August 2, 1979 and March 12, 1980, respectively, are hereby affirmed.