A.2d

Hallstead Foundry, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Cudo), Respondents.

Submitted on briefs May 15, 1986, to Judges MAC-PHAIL and COLINS, and Senior Judge ROGERS, sitting as a panel of three.

380

*David E. Heisler, Lenahan & Dempsey, P.C.,* for petitioner.

*Robert G. Dean,* with him, *John R. Dean,* for respondent, Lewis Cudo, Deceased; Barbara, Widow.

OPINION BY JUDGE MACPHAIL, July 16, 1986:

Hallstead Foundry (Petitioner) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's order granting Barbara Cudo (Claimant) death benefits and attorney's fees. We reverse.

Claimant filed a fatal claim petition on September 4, 1979 alleging that her husband, Lewis Cudo (Decedent), died of a heart attack suffered while he was working in Petitioner's factory. The referee found that Decedent's heart attack was work-related and awarded benefits to Claimant. The Board reversed the referee on the ground that he relied on equivocal medical testimony. The Board's decision was mailed to the parties on September 4, 1980.

Claimant attempted to appeal the Board's decision to the Court of Common Pleas of Susquehanna County on September 26, 1980. The appeal was quashed, apparently because the Common Pleas Court ruled, correctly so, that it did not have jurisdiction to take an appeal from the Workmen's Compensation Appeal Board. *See* Section 763 of the Judicial Code, 42 Pa. C. S. §763. On November 14, 1980, Claimant filed a petition with the Board for rehearing alleging the existence of newly discovered evidence which could not have been discovered before the close of the evidentiary hearing before the referee. The Board on January 8, 1981 ordered the case reopened and remanded it to the referee to permit Claimant to present the evidence. Petitioner appealed this order to this Court. By order dated March 4, 1982, we quashed the appeal as being from an interlocutory order. *See Hallstead Foundry v. Workmen's Compensation Appeal Board et al.*, 66 Pa. Commonwealth Ct. 445, 445 A.2d 254 (1982).

After receiving additional testimony presented by Claimant, the referee awarded benefits and the Board affirmed. It is from this affirmance that Petitioner brings this appeal.

Petitioner argues that the Board incorrectly ordered a rehearing for the purpose of accepting what Claimant purported to be newly discovered evidence. We agree.

At the rehearing, Claimant presented the testimony of Dr. William H. Sewell, who had treated Decedent between 1966 and 1970 and had performed an operation on Claimant's heart. Claimant also presented the testimony of one of Claimant's co-workers.

This Court said in *Young v. Workmen's Compensation Appeal Board (Britt & Pirie, Inc.)*, 72 Pa. Commonwealth Ct. 471, 475, 456 A.2d 1150, 1152 (1983):

The decision of whether to grant or deny a rehearing is within the discretion of the board

and our review is limited to the issue of whether a sound discretion was abused. *Anderson v. Workmen's Compensation Appeal Board*, 51 Pa. Commonwealth Ct. 582, 585, 414 A.2d 774, 776 (1980); *Douglas v. Workmen's Compensation Appeal Board*, 32 Pa. Commonwealth Ct. 156, 159, 377 A.2d 1300, 1302 (1977). A rehearing petition may not be used as a vehicle for testing the merits of an unappealed decision. It is appropriate for use as a means of seeking to present after discovered, noncumulative evidence which could not have been, by the exercise of ordinary diligence, produced at the original hearing. *Anderson; Douglas; Fetzer v. Michrina,* 8 Pa. Commonwealth Ct. 273, 301 A.2d 924 (1973). However, 'a rehearing should not be allowed simply for the purpose of strengthening weak proofs which have already been presented. . . .' *General Woodcraft & Foundry v. Workmen's Compensation Appeal Board*, 13 Pa. Commonwealth Ct. 357, 362, 318 A.2d 385, 387 (1974).

In the case *sub judice,* it is obvious that the testimony presented by Claimant at the rehearing was not after discovered evidence. Claimant was aware of Dr. Sewell's treatment of Decedent and that he performed heart surgery on him. R.R. 121a. Yet, instead of producing Dr. Sewell at the original hearing, Claimant instead produced Dr. James J. Grace, who had never seen the Decedent but who had performed an autopsy. The Board, as we have noted, held that Dr. Grace's testimony was equivocal on the issue of causation. Again, as we have noted, there was no appeal to this Court from that order.

By requesting a rehearing, it is apparent that Claimant was attempting to strengthen "weak proofs which

. . . [had] already been presented." *Young* at 475, 456 A.2d at 1152. It is even more apparent that the testimony of the co-worker was not after discovered evidence but was presented in an attempt to prove what the Claimant had failed to prove at the first hearing.

The Board, in its opinion in support of its order granting the rehearing, stated that the affidavit attached to the petition for rehearing did not support the statement in the petition that the medical evidence sought to be presented was not available through the exercise of due diligence at the original hearing. It must be noted that Dr. Sewell testified at the rehearing that he had retained his office at the Guthrie Clinic since 1966 when he first treated Decedent up to the date of the rehearing, that he was available in November of 1979 although he may have been in attendance at a medical meeting during some part of that month and that he was first contacted about the legal proceedings in this case in October of 1980. R.R. 123a-125a.

Having made a determination on the merits of the petition before it that a rehearing was not warranted on the basis of the facts presented in the petition, the Board's decision to order the rehearing in the interest of justice is a clear abuse of discretion and must be reversed.

Claimant seems to suggest in her brief that even without the rehearing there was enough evidence on the record to support a conclusion that Decedent's heart attack was work-related. Whether or not enough evidence existed on the record from the first hearing is irrelevant at this stage of the proceedings. The first order of the Board was not properly appealed, therefore only the Board's decision to grant a rehearing is before this Court for review. *See Anderson v. Workmen's Compensation Appeal Board,* 51 Pa. Commonwealth Ct.

582, 414 A.2d 774 (1980). The Board's original order denying benefits must stand.[1]

ORDER

The order of the Workmen's Compensation Appeal Board, dated August 30, 1985, is reversed.

Judge COLINS dissents.

Senior Judge ROGERS concurs in result only.

---

[1] While we regret that the Claimant must be denied benefits solely because of applicable principles of law, we are obliged, as a court of law, to invoke those principles notwithstanding our sympathy for the Claimant.