Max H. Homer, Petitioner *v.* Commonwealth of Pennsylvania, Department of Education, Respondent.

Argued February 2, 1983, before President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*James L. Cowden,* with him *Jerome H. Gerber, Handler and Gerber, P.C.,* for petitioner.

*Phillip A. Ayers,* Counsel, with him *Michael A. Davis,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, April 27, 1983:

Max H. Homer (Petitioner) appeals here from an order of the Secretary of Education (Secretary) which reinstated Petitioner's Instructional I teaching certificate and granted permission to Petitioner to seek reinstatement of his Instructional II certificate, Administrative I certificate and Administrative II certificate upon satisfactory completion of certain specified conditions.

The background of this case is as follows. On March 12, 1976, Petitioner was adjudged guilty of the charges of perjury and extortion and sentenced to a term of imprisonment and assessed a fine.[1] On September 27, 1977, the Secretary entered a final order revoking Petitioner's letter of eligibility to serve as

---

[1] The alleged crimes were not associated in any way with Petitioner's teaching or administrative duties.

a district superintendent and on October 16, 1979, entered a final order revoking the rest of Petitioner's teaching and administrative certificates because of Petitioner's conviction for crimes involving moral turpitude pursuant to the provisions of Section 2 of the Act of May 29, 1931, P.L. 210, *as amended,* 24 P.S. §1225.[2] In March of 1979, Petitioner was employed as a substitute teacher in the Pittsburgh School District and continued to teach there until his teaching certificate was revoked by the Secretary. Petitioner did not appeal from the Secretary's orders of September 27, 1977 *and* October 16, 1979 but did file a petition for reinstatement.[3] That petition was referred to an examiner for a hearing and recommendation.

The examiner, finding that Petitioner had carried his burden of showing that he presently possessed the moral qualifications to hold the certificates that were revoked, recommended that an order be entered rein-

---

[2] Section 2 reads in pertinent part as follows:

The Department of Public Instruction shall have the power, and its duty shall be—

. . . .

(j) To suspend and revoke the certificate and/or registration of any person found guilty upon hearings of immorality. . . .

Immorality is also one of the valid causes for termination of a contract of a professional employee. Section 1122 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1122.

[3] Section 2 of the Act of May 29, 1931, 24 P.S. §1225 also provides:

The Department of Public Instruction shall have the power, and its duty shall be—

. . . .

(j) . . . to reinstate such certificate and/or registration in any case where, after hearing, the Department of Public Instruction shall deem the same just and proper.

stating all of Petitioner's certificates and letters of eligibility. The Secretary, without substantial change of any of the examiner's specific findings of fact, entered an order which directed that (1) an Instructional I certificate be issued to Petitioner; (2) after three years of instruction, Petitioner could apply for an Instructional II certificate; (3) after five years of teaching, Petitioner would be issued an Administrative I certificate; (4) Petitioner could apply for an Administrative II certificate after three years of satisfactory administrative experience; and (5) after Petitioner serves three years as a teacher and three years as an administrator, he could apply for a letter of eligibility to serve as a district superintendent or an assistant district superintendent. It is from that order that Petitioner filed the instant appeal.

Much of Petitioner's brief is devoted to case law which holds that conduct such as that which was involved here does not bear upon Petitioner's fitness to teach. Petitioner has argued that he has demonstrated through his teaching in Pittsburgh and his exemplary conduct since his release from prison as attested to by the many witnesses who appeared on his behalf at the hearing before the examiner, that the recommendation of the examiner should have been followed and his certificates reinstated without conditions.

The Secretary relies upon the provisions of 22 Pa. Code §49.64.4(b).[4] The Secretary agrees with the

---

[4] The regulation reads as follows:

An individual whose certificate or letter of eligibility has been annulled or revoked may have his case reconsidered annually. The burden of demonstrating his fitness for having his certificate or letter of eligibility reinstated rests with the individual. If the burden is met, the Secretary may place conditions on the issuance of the reinstated certificate or letter of eligibility.

examiner that Petitioner has presented evidence of the various factors to be considered in determining whether *reinstatement* should occur but concludes, without setting forth reasons other than his authority under the regulation, that in this case reinstatement must be accompanied by conditions.

Our scope of review is limited to a determination of whether the Secretary abused his discretion and whether there was an error of law. *Central York School District v. Ehrhart,* 36 Pa. Commonwealth Ct. 278, 387 A.2d 1006 (1978). It has been established that courts will not review the actions of governmental bodies or administrative tribunals involving acts of discretion in the absence of bad faith, fraud, capricious action or abuse of power. *Blumenschein v. Pittsburgh Housing Authority,* 379 Pa. 566, 109 A.2d 331 (1954), *appeal dismissed,* 350 U.S. 806 (1955). Judicial discretion is not to be substituted for administrative discretion, even if the court might have come to a different conclusion than that reached by the agency. *Id.* It is true, also, that we must proceed with caution where an administrative body is interpreting its own regulation in reaching a decision and we must defer to the agency's interpretation of such regulations in most instances. *Commonwealth v. Beck Electric Construction, Inc.,* 485 Pa. 604, 403 A.2d 553 (1979).

As we view the instant case, we think the narrow issue is whether the Secretary has abused the discretion afforded to him by imposing conditions upon Petitioner's reinstatement. There is no evidence of bad faith or fraud; therefore, we must decide whether the Secretary's action was capricious or an abuse of his power. Petitioner argues that the Secretary's statement that reinstatement has been granted, is not true. He says that only his temporary teaching cer-

tificate has been reinstated; all other certificates *may* be granted only upon fulfillment of experience conditions.

We are unable to say as a matter of law that the imposition of such conditions is either capricious or an abuse of the Secretary's power. Petitioner was absent from his teaching and administrative duties for more than three years. During part of that time, he was in a prison environment. The imposition of conditions was a cautionary measure to assure that full eligibility would not be restored until Petitioner had proved in the work place that he was fully rehabilitated. While this Court would have been better satisfied had the Secretary set forth specific reasons why he imposed conditions in this case, we are of the opinion that the record as a whole indicates that his action was authorized and did not constitute an abuse of his discretion.

Order affirmed.

### ORDER

The order of the Secretary of Education entered June 26, 1981 is affirmed.