Pennsylvania State Association of Township Supervisors, Petitioner v. Commonwealth of Pennsylvania, State Ethics Commission, Respondent.

Argued September 9, 1985, before Judges Rogers and MacPhail, and Senior Judge Barbieri, sitting as a panel of three.

*Thomas L. Wenger*, with him, *Karen Parenti Gunnison*, *Wix, Wenger & Weidner*, for petitioner.

*John J. Contino*, General Counsel, with him, *Sandra S. Christianson*, for respondent.

OPINION BY JUDGE ROGERS, November 1, 1985:

The issue of this appeal is that of whether the Pennsylvania State Ethics Commission (Commission) committed an abuse of discretion in denying the petitioner, the Pennsylvania State Association of Township Supervisors' (PSATS), request for reconsideration of a Commission opinion issued under Section 7(a)(i) of the Act of October 4, 1978, P.L. 883, 65 P.S. §§401-413 (the Act).

It is important to note that PSATS was not a party to the Commission proceeding which produced the opinion which PSATS asked to be reconsidered.

The opinion in question was made in a proceeding commenced on March 12, 1984 when Donald W. Cowie, a township supervisor, requested the Commission's opinion as to whether he could lawfully receive group health insurance coverage provided by the township.

The Commission conducted a hearing on Cowie's request on May 15, 1984. On May 24, 1984, the Commission issued its opinion to Cowie and sent a copy to Cowie's counsel, Thomas L. Wenger, Esquire, who has represented Cowie throughout these proceedings. The Commission's opinion was that group health insurance for supervisors provided by the township would violate Section 3(a) of the Act, 65 P.S. §403(a), providing that public officers shall not obtain financial gain other than compensation provided by law.

Cowie filed a petition for reconsideration with the Commission on June 4, 1984. On June 8, 1984, PSATS, by Mr. Wenger, filed a petition for (1) intervention in the proceedings of PSATS and (2) for reconsideration of the Commission's opinion rendered in the Cowie case.

The Commission sent Cowie notice that his petition for reconsideration would be considered on July 31, 1984. On that date Mr. Wenger appeared. The Commission was prepared to hear argument on Cowie's petition for reconsideration and on PSATS's petition. Mr. Wenger said he was not prepared to proceed on PSATS's application because he had not received notice that PSATS's matters would be heard at that time. The Commission denied the Cowie petition for reconsideration and continued the matters of PSATS's application for intervention and reconsideration of the Cowie opinion.

The Commission then sent notice to Mr. Wenger that the matter of PSATS's petition for reconsideration of the Cowie opinion would be heard on Septem-

ber 26, 1984. On September 21, 1984, Mr. Wenger by letter informed the Commission that PSATS would not appear at the September 26, 1984 hearing and requested that the Commission enter an order on the matter of PSATS's petition on the existing record. By order made October 10, 1984, the Commission denied PSATS's petition for reconsideration and for intervention.

On November 9, 1984 PSATS filed its petition in this court for review of both the Commission's opinion in the Cowie case issued on May 24, 1985 and the Commission's order denying PSATS's petition for reconsideration made October 10, 1984. The Commission moved to quash, as untimely, that portion of PSATS's petition for review which sought to review the May 24, 1984 opinion. We granted this motion. Cowie has not appealed, so that the only matter now before the court is the Commission's denial of PSATS's petition for reconsideration.

The decision of an administrative agency to grant or deny a request for reconsideration is one committed to the agency's discretion. We may not disturb the exercise of such discretion unless it has been abused. *Muehleisen v. State Civil Service Commission,* 66 Pa. Commonwealth Ct. 95, 443 A.2d 867 (1982), *aff'd* 501 Pa. 335, 461 A.2d 615 (1983); *Anderson v. Workmen's Compensation Appeal Board,* 51 Pa. Commonwealth Ct. 582, 414 A.2d 774 (1980); *Pennsylvania Glass-Sand Corp. v. Workmen's Compensation Appeal Board,* 46 Pa. Commonwealth Ct. 377, 407 A.2d 76 (1979); *Avon Grove School District Board of Directors v. Department of Education,* 31 Pa. Commonwealth Ct. 89, 375 A.2d 851 (1977). Courts will not review the actions of administrative tribunals involving acts of discretion in the absence of evidence of bad faith, fraud, capricious action or abuse of power. *Blumenschein v.*

*Pittsburgh Housing Authority,* 379 Pa. 566, 109 A.2d 331 (1954), *appeal dismissed,* 350 U.S. 806 (1955); *Homer v. Department of Education,* 73 Pa. Commonwealth Ct. 623, 458 A.2d 1059 (1983). The burden of proving that there has been an abuse of discretion is upon the person so asserting.

Setting aside the question of the propriety of PSATS's application that the Commission reconsider an opinion rendered in a proceeding to which PSATS was not a party, we will dispose of PSATS's challenge to the Commission's refusal to grant reconsideration of the Cowie opinion on its merits. PSATS contends that the Commission committed an abuse of discretion in its opinion in Cowie by explicitly declaring therein that the only source of law which needed to be considered in deciding whether the provision of group health insurance to supervisors of townships of the second class was lawful is the Second Class Township Code.[1] PSATS says other sources of law such as Pennsylvania statutes relating to insurance should also be considered. Assuming for argument's sake that the Commission should have considered statutes and authorities other than the Second Class Township Code, the Commission is nevertheless not convicted of bad faith, capricious action, fraud or abuse of power by performing its duty to decide, in the first instance, what law it believed applied to the matter at hand. Judicial and quasi-judicial bodies do not abuse discretion by accepting some sources of law as persuasive and rejecting others as impertinent. With respect to capricious action and abuse of power, we observe that the Commission acted in full accommodation of PSATS at the July 31, 1984 hearing when it continued the proceeding so that PSATS's counsel who was unprepared, might appear at a later time.

---

[1] Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §§65101-67605.

Having concluded that the Commission did not commit an abuse of discretion by denying PSATS's petition for reconsideration of the Cowie opinion and, in consequence, its application to intervene, we affirm its order.

ORDER.

AND Now, this 1st day of November, 1985, the order of the Pennsylvania State Ethics Commission in the above-captioned matter is affirmed.