535 A.2d 1246

Columbia Gas of Pennsylvania, Inc., Petitioner *v.* Pennsylvania Public Utility Commission, Respondent.

Argued October 7, 1987, before President Judge CRUMLISH, JR., and Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Michael W. Gang,* with him, *Michael W. Hassell,* and *Jesse A. Dillon, Morgan, Lewis* & *Bockius,* for petitioner.

*Mark C. Morrow,* Assistant Counsel, with him, *Terry A. Moreland,* Assistant Counsel, *William C. Matthews, II,* Deputy Chief Counsel, and *Daniel P. Delaney,* Chief Counsel, for respondent.

*Joseph J. Malatesta, Jr., Malatesta, Hawke* & *McKeon,* for Amicus Curiae, Pennsylvania Gas Association.

*Alan Michael Seltzer, Ryan, Russell,* & *McConaghy,* for Amicus Curiae, Pennsylvania Electric Company.

OPINION BY JUDGE MACPHAIL, January 20, 1988:

Columbia Gas of Pennsylvania, Inc. (Petitioner) petitions for our review of two orders of the Pennsylvania Public Utility Commission (PUC), the first of which was entered July 21, 1986 and the second on October 8, 1986. Petitioner's petition for review was filed November 7, 1986. We will quash the appeal from the order of July 21, 1986 and affirm the order of October 8, 1986 which denied reconsideration of the July 21, 1986 order.

Courtney Acree and her husband, Jeffrey Acree, (Acrees) requested service from Petitioner for the second floor apartment at 344 Freeland Street, Pittsburgh, Pennsylvania which service was started on July 16, 1984. The building has two meters connected to two sets of gas piping. All gas applicances on the first floor, except the hot water tank for the washing machine, are connected to one set of piping. All gas appliances on the second and third floors, plus the hot water tank for the washing machine on the first floor, are connected to the other set of piping.

The latter set of piping is connected to the meter listed in the name of the Acrees. Consequently, the Acrees were billed for gas actually used by other tenants. When the Acrees received their bill, they filed a complaint with the PUC alleging that Petitioner had improperly billed them. The Administrative Law Judge ruled that the Acrees were responsible for all gas use attributed to the meter in their name. Neither party filed exceptions to that decision, but the PUC chose to review the decision on its own motion pursuant to Section 332(h) of the Public Utility Code (Code), 66 Pa. C. S. §332(h).

By order entered July 21, 1986, the PUC reversed the decision of the Administrative Law Judge and ordered Petitioner to compute charges for the service which the Acrees actually used and rebill them for that service, removing the charges for gas consumed by other tenants. Petitioner subsequently petitioned the PUC for reconsideration of its July 21, 1986 order.

Under Pa. R.A.P. 1512(a)(1), the time for appeal from a Commonwealth agency's order is within thirty days after the entry of that order. Petitioner's Petition for Reconsideration was filed with the PUC on August 5, 1986 and, as already indicated, Petitioner's Petition for Review to this Court was filed November 7, 1986.

This Court has held that a party may appeal from an order by an administrative agency denying reconsideration of a decision of that agency. *Muehleisen v. State Civil Service Commission,* 66 Pa. Commonwealth Ct. 95, 443 A.2d 867 (1982), *aff'd,* 501 Pa. 335, 461 A.2d 615 (1983). The filing of the Petition for Reconsideration does not, however, toll the time for appeal from that decision.

Because no timely appeal was taken from the July 21, 1986 order, we are limited in our review to the October 8, 1986 order denying reconsideration. *Southwest Pennsylvania Natural Resources, Inc. v. Department of Environmental Resources,* 77 Pa. Commonwealth Ct. 114, 465 A.2d 108 (1983). Our scope of review in such cases is limited to a determination of whether the PUC abused its discretion in denying Petitioner's Petition for Reconsideration. *Id.*

In *Pennsylvania State Ass'n of Township Supervisors v. State Ethics Comm'n,* 92 Pa. Commonwealth Ct. 544, 547, 499 A.2d 735, 737 (1985), we said:

> Courts will not review the actions of administrative tribunals involving acts of discretion in the absence of evidence of bad faith, fraud, capricious action or abuse of power.

Petitioner's argument is that the PUC abused its power and misapplied the law in the instant case. We respectfully disagree.

It appears to us that the PUC, in the public interest, rectified an obvious wrong by placing upon the utility the burden of collecting for service rendered to the parties who actually received the service. We agree with the PUC that there was never any agreement that the Acrees would pay for gas used by other occupants of the building. Indeed, it appears that the Acrees were not even aware that other users were being billed through the Acrees' meter. It also appears from the record that

requiring the Acrees to pay for gas used by others would work an economic hardship on the Acrees.

By requiring the utility to bear the cost of such service, which cost the utility could recover in a court of law, the PUC felt it was balancing the interests of the parties. Inasmuch as Section 508 of the Code, 66 Pa. C. S. §508, gives the PUC the authority to vary, reform or revise contracts upon a fair, reasonable and equitable basis, we cannot say as a matter of law that the PUC either abused its power or misapplied the law in this case.

Finding no abuse of discretion on the part of the PUC, we will affirm its order denying reconsideration.

ORDER

The appeal of Columbia Gas, Inc. from the order of the PUC entered July 21, 1986 is quashed as untimely filed. The order of the PUC entered October 8, 1986 denying reconsideration of the order of July 21, 1986 is hereby affirmed.