550 A.2d 296

Michael F. Sasko, Appellant *v.* Charleroi Area School District, Appellee.

Argued October 4, 1988, before Judges DOYLE, COLINS and PALLADINO, sitting as a panel of three.

*Mark E. Mascara,* with him, *Franklin L. Bialon,* for appellant.

*Keith A. Bassi,* with him, *Melvin B. Bassi, Bassi & Associates, P.C.,* for appellee.

OPINION BY JUDGE DOYLE, November 21, 1988:

This is an appeal by Michael F. Sasko from his dismissal as a custodian with the Charleroi Area School District (District). A post termination hearing was held by the Board of School Directors of the Charleroi Area School District (Board). It upheld the dismissal. The case was then appealed to the common pleas court which determined the case upon the record established before the Board and upon certain stipulations.

Sasko had been an employee of the District beginning in 1974. He had been employed originally as a bus driver and then as a custodian. He was a member of the relevant bargaining unit covered by the bargaining agreement but he was not a member of the association which was the bargaining agent for the bargaining unit. On June 4, 1982, he was sent notice by the superintendent of schools that he was being suspended without pay because of "problems that had built up over a prolonged period of time." On June 29, 1982 he was notified by the superintendent that his employment had been terminated effective June 4. On August 17, 1982 a

hearing was held by the Board. On August 23, 1982 the Board passed a resolution confirming and ratifying the dismissal action. Sasko subsequently filed an appeal in the common pleas court where the Board's action was upheld. This appeal ensued.

On appeal here we are asked to determine whether Sasko's constitutional rights were violated because the Board, although it conducted a post-termination hearing, failed to afford him a pre-termination hearing. The trial court determined that Sasko had no property interest in his job and, hence, that he was not entitled to any pre-termination hearing. It further determined that he was an employee at will.

Procedural due process requirements apply only when one is deprived of an interest encompassed within the Fourteenth Amendment protections of, *inter alia,* property. *Board of Regents of State Colleges v. Roth,* 408 U.S. 564 (1972). When protected interests are involved some kind of prior opportunity to respond is required before those rights are terminated. *Id.* To determine whether procedural due process requirements apply, we must examine the nature of the interest. *Id.*

To have a property interest in a benefit such as employment an individual must have more than an abstract need or desire or unilateral expectation of the benefit; he must have a legitimate claim of entitlement to it. *Id.* And, in determining whether such entitlement exists, we must examine the substantive law, in this case, state law. *Id.* One's substantive property interest may be created by a statute, regulation, contract or an understanding. *Id; Perri v. Aytch,* 724 F.2d 362 (3d Cir. 1983). Only if such an interest is established is it necessary to determine what process is due. *See Roth.* And, when the question of what process is due is raised, it is to be answered by employing federal law and by balancing the interests of the parties. *Cleveland Board of Education v. Loudermill,* 470 U.S. 532 (1985).

Accordingly, the first step of our inquiry is necessarily focused upon whether Sasko has a property right, *i.e.*, a legitimate claim of entitlement to his position. He presents two arguments asserting that he has such a property right; the first is that such right emanates from the Public Employee Relation Act, Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §§1101.101-1101.2301, (Act 195); the second is that the right is to be found in the collective bargaining agreement covering individuals in his classification.

We cannot agree with Sasko that Act 195 creates such a right. In fact, in Section 706 it states merely, "[n]othing contained in this act shall impair the employer's right to hire employes or to discharge employes for just cause consistent with existing legislation." 43 P.S. §1101.706. Thus, any substantive rights Sasko has must be found elsewhere.[1]

Sasko maintains that the collective bargaining agreement creates a property interest. He relies upon the following language:

> JUST CAUSE—Every employee shall be entitled to the benefits of this agreement and to avail himself of the grievance procedure for just cause. All information forming the basis for disciplinary action will be made available to the employees and association.

In determining whether this language creates the requisite interest, it is helpful to examine other cases. In *Abraham v. Pekarski,* 728 F.2d 167 (3d Cir. 1984) *cert. denied,* 467 U.S. 1242 (1984), the employee, a township

---

[1] Sasko relies on a footnote in *Pivarnik v. Department of Transportation,* 82 Pa. Commonwealth Ct. 42, 474 A.2d 732 (1984), where we indicated that Act 195 is an example of legislative action which could create a property interest. First that statement was dictum and second, it does not say that Act 195 alone actually creates such rights.

director of roads and public properties, was discharged without a hearing. The applicable municipal ordinance provided that "no person shall be discharged without just cause." *Id.* at 170. The court ruled that this ordinance created a property interest sufficient to bring due process requirements into play.

In *Perri* a probationary clerk typist was suspended after being arrested on drug related charges. The charges were ultimately withdrawn and it was recommended that she be permitted to return to work. Her supervisor, however, determined she should not be reinstated because it would not have been in the best interest of her employer, the Adult Probation Department. Despite the fact that she was a probationary employee the relevant regulations provided:

> 8.1  Any dismissal, demotion, reduction in pay and/or suspension of any permanent employee, or rejection of a probationary employee in the Court Service shall be for just cause only.
>
> . . . .
>
> 8.11  An employee shall be notified in writing of any proposed action to be taken as listed in 8.1 above. Such notice shall in all cases list the bases for the action with each basis to be clearly supported by specific detail sufficient to justify the action being taken.
>
> . . . .
>
> 8.21  At any time during the probationary period, the appropriate Chief Deputy Court Administrator, of Chief Probation Officer, Prothonotary, Jury Selection Commissioner, or Municipal Court Administrator may dismiss an employee for just cause in accordance with section 8.11 above.

*Id.* at 365 n.2. It was determined that the regulations created a property interest and that the employee's right

to due process had been violated when she was terminated without a hearing.

In *Bishop v. Wood,* 426 U.S. 341 (1976), a city policeman was discharged without a pre-termination hearing. He asserted the right to such a hearing. In so doing he relied upon a city ordinance which read:

> *Dismissal.* A permanent employee whose work is not satisfactory over a period of time shall be notified in what way his work is deficient and what he must do if his work is to be satisfactory. If a permanent employee fails to perform work up to the standard of the classification held, or continues to be negligent, inefficient, or unfit to perform his duties, he may be dismissed by the City Manager. Any discharged employee shall be given written notice of his discharge setting forth the effective date and reasons for his discharge if he shall request such a notice.

*Id.* at 344 n.5. The trial court held that no property right was created by this language. The United States Supreme Court acknowledged that the ordinance was capable of differing interpretations and chose to defer to the North Carolina court's reading of its own law. Hence, it was held that no due process violation occurred.

*Perry v. Sindermann,* 408 U.S. 593 (1972), involved a state junior college professor whose contract was not renewed. This case was concerned not with actual dismissal but a failure to renew a contract. A faculty guide provided:

> *Teacher Tenure:* Odessa College has no tenure system. The Administration of the College wishes the faculty member to feel that he has permanent tenure as long as his teaching services are satisfactory and as long as he displays a cooperative attitude toward his coworkers and

his superiors, and as long as he is happy in his work.

*Id.* at 600. The professor averred that his ongoing employment was secured by an "understanding" and that a de facto tenure program actually existed. He also relied upon guidelines promulgated by the Coordinating Board of the Texas College and University System. The Supreme Court, believing the professor should have had an opportunity to prove both the "understanding" and the existence of de facto tenure, ruled that he should be permitted to put on evidence to demonstrate, in essence, whether a property interest did exist via the understanding and the de facto program. Sasko makes no claims of any such understanding or program.

*Roth* also involved the failure to renew a contract. In that case a college professor worked for one year and his contract was not renewed. A rule of the Board of Regents provided, "During the time a faculty member is on probation, no reason for non-retention need be given. No review or appeal is provided in such case." *Id.* at 567-68 n.4. The High Court thus determined that the failure to reemploy in this instance, where the professor's character was not impunged, did not trigger due process concerns.

And, in *Loudermill* the plaintiffs', Ohio civil servants, were terminated from their positions without prior hearings. An Ohio statute provided that civil service employees could be terminated only for what is, in essence, just cause.[2] Plaintiffs maintained, however, that

---

[2] The Ohio statute stated that no classified civil servant may be removed except for "incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of such sections or the rules of the director of administrative services or the commission, or any other failure of good behavior, or any other acts of misfeasance, malfeasance, or nonfeasance in office." *Loudermill* at 538 n.4.

they were entitled to certain pre-termination procedures and the Supreme Court agreed. It held that they should be afforded at least notice and an opportunity to respond to the charges and tell their side of the story before the termination was effective.

As can be seen from the foregoing, in determining whether a property right exists each case turns upon the language of the relevant statute, ordinance or contract. We believe that the contract provision at issue here does not create a substantive right. It certainly does not hinge dismissal upon a "cause finding"; rather, the provision merely defines a grievance procedure. Accordingly, having concluded that no property right exists, we affirm the trial court's order.[3]

## ORDER

Now, November 21, 1988, the order of the Court of Common Pleas of Washington County in the above-captioned matter is hereby affirmed.

---

[3] Because of our determination of this issue, we need not consider whether the trial court erred in ruling that Sasko was an at will employee under the collective bargaining agreement, as this is merely another way of stating the issue of whether there was a property right created by the agreement.

Having determined that Sasko's constitutional rights were not violated and there being no challenge to the merits of the decision, an award of backpay for the period between Sasko's suspension and his hearing is unwarranted.