636 A.2d 1275

**Michael E. STOVER, Petitioner,**

v.

**DEPARTMENT OF ENVIRONMENTAL RESOURCES, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 13, 1993.

Decided Jan. 12, 1994.

326

Stephen A. Moore for petitioner.

Patrick H. Bair, Asst. Counsel, for respondent.

Before McGINLEY and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Michael E. Stover (Stover) appeals from the order of the Civil Service Commission (Commission) that sustained the action of the Department of Environmental Resources (DER) in the furlough of Stover from his position of Soil Conservation Program Manager (SCPM).[1] We affirm.

Sometime during December 1990 to January 1991, DER, along with other state agencies under the Governor's jurisdiction, received a memo from the Secretary of the Office of Administration stating that the Commonwealth was undertak-

---

1. Stover was offered and accepted a demotion in lieu of furlough to a Senior Civil Engineer Hydraulic position.

ing a streamlining effort which would require the identification and elimination of positions which were not essential to DER's operation. Pursuant to this memo, bureau directors employed by DER's Office of Resources Management (ORM) compiled lists of positions within each bureau which could be considered for abolishment. The bureau directors submitted these lists for review by Terry Fabian, then director of the ORM's Office of Natural Resources, Dixie Early, the director of ORM's Office of Engineering, and Dana Datres, the ORM Deputy Secretary's Chief Administrative Officer. Pursuant to these reviews, ORM personnel decided that the essential work of DER could be performed more efficiently at a lower cost without the positions designated on the list.

The list included Stover's SCPM position and, as a result, the work assigned to that position was reassigned or eliminated and the position abolished. On February 8, 1991, OVR notified Stover of the furlough which he appealed pursuant to Section 951(a) of the Civil Service Act.[2] The Commission sustained the action and dismissed Stover's appeal.

 On appeal to this Court,[3] Stover asserts that the Commission's order and adjudication are not supported by substantial evidence and that the Commission erred in finding that DER had presented a *prima facie* case justifying his "lack of work" furlough. In an appeal challenging the furlough of a regular status employee, the burden rests with the appointing authority to present evidence of either a lack of work or a lack of funds necessitating appellant's furlough. *Forbes v. Department of Transportation*, 61 Pa.Commonwealth Ct. 641, 434 A.2d 892 (1981). A Commonwealth agency has the responsibility to determine what work, in its judgment, is necessary to be performed and how that work can be performed most efficiently. *Department of Public Welfare v.*

---

**2.** Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. § 741.951(a), Section 951 was added by Section 27 of the Act of August 27, 1963, P.L. 1257.

**3.** Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704.

*Magrath,* 14 Pa.Commonwealth Ct. 257, 321 A.2d 403 (1974). In making adjustments based upon this determination, an agency may eliminate or otherwise arrange for work. *Id.* Further, under the Civil Service Act, an agency can create a valid "lack of work" furlough in order to enhance operational efficiency and secure cost savings. *Stump v. Department of Labor and Industry,* 154 Pa.Commonwealth Ct. 471, 624 A.2d 229 (1993).

Both Stover and DER presented witnesses at the hearing before the Commission. Paul Swartz, DER's Director of Soil and Water Conservation, testified on behalf of Stover that many of the duties performed by Stover had not been abolished but were not being performed, and that a lack of work did not exist to justify his furlough. Fabian, testifying for DER, explained the procedure used by ORM to eliminate or reassign work formerly performed by Stover, which created the lack of work justifying abolishment of Stover's position. A majority of the Commission[4] accepted as credible the testimony of Fabian. It is well settled that the Commission has the inherent power to determine the credibility of witnesses and the value of their testimony. *Herman v. Department of General Services,* 81 Pa.Commonwealth Ct. 638, 475 A.2d 164 (1984). Based on the testimony of Fabian and DER's other witnesses, the Commission found that DER had fulfilled its burden of proving a lack of work justifying Stover's furlough. In making its findings, the Commission must base them upon substantial evidence. *West Chester State College v. Stein,* 72 Pa.Commonwealth Ct. 561, 457 A.2d 176 (1983). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support the conclusion." *Civil Service Commission v. Poles,* 132 Pa.Commonwealth Ct. 593, 599, 573 A.2d 1169, 1172 (1990). Upon review of the record, we do not believe the Commission erred.

■ Stover's second argument is that the DER failed to present a *prima facie* case of "lack of work" justifying the abolishment of his position before the Commission. We do not

4. One member of the Commission dissented from the decision.

agree. The Supreme Court has held that an appointing authority has demonstrated a lack of work when it establishes that: (1) the employee's position was eliminated; (2) reorganizational streamlining occurred; and (3) management in good faith believed that work could be accomplished more efficiently in the absence of the eliminated position. *Department of State v. Stecher*, 506 Pa. 203, 484 A.2d 755 (1984). There is no dispute that the duties of Stover's position were reassigned and the position abolished. Further, review of the testimony of DER's witnesses confirms the Commission's conclusions that a reorganizational streamlining had occurred and that credible evidence indicated a good faith belief on the part of Fabian and others that the work of the agency could be more efficiently performed in the absence of Stover's eliminated position.[5]

Accordingly, we affirm.

## ORDER

AND NOW, this 12th day of January, 1994, the order of the Civil Service Commission in the above-captioned matter is hereby affirmed.

---

5. Stover draws considerable significance from an exhibit which indicates that DER advertised nine months after Stover's furlough to fill a position, the description of which encompassed some duties similar to those formerly performed by Stover. However, the position in question, a Conservation Program Specialist (CPS), unlike Stover's former position is a non-supervisory, non-management position. The mere fact that some duties which seem similar to some included within the purview of Stover's former position may appear in a job posting nine months later does nothing to prove that Stover's furlough was invalid.