William G. McANDREW, Petitioner,

v.

STATE CIVIL SERVICE COMMIS-
SION (DEPARTMENT OF COMMU-
NITY AND ECONOMIC DEVELOP-
MENT), Respondent.

Commonwealth Court of Pennsylvania.

Argued May 18, 1999.
Decided June 29, 1999.
Publication Ordered Aug. 26, 1999.

Richard DiSalle, Pittsburgh, for petitioner.

Nancy J. Kippenhan, Harrisburg, for respondent.

Before KELLEY, J., FLAHERTY, J., and JIULIANTE, Senior Judge.

FLAHERTY, Judge.

William G. McAndrew (McAndrew) petitions for review from an order of the State Civil Service Commission (Commission) which dismissed his appeal challenging his furlough from employment as a Regular Weatherization Specialist 2 with the then existing Department of Community Affairs (DCA).[1] We affirm.

The following facts were found by the Commission. In March 1995, the Governor of Pennsylvania announced that the DCA would be dismantled and its responsibilities distributed to other agencies. The DCA's senior staff subsequently conducted a review to determine minimum staffing requirements. Based upon this review, the DCA concluded that a complement of approximately 100 positions would be sufficient to perform its program functions. The DCA concluded that there was no need for a Weatherization Specialist 2 at the Scranton Regional office because the Weatherization Specialist in Philadelphia could perform the job functions required. McAndrew was the only Weatherization Specialist 2 employed at the DCA's Scranton Regional office.

By letter dated May 28, 1996, McAndrew was informed that he was to be furloughed from his position as a Weatherization Specialist 2, regular status, effective at the close of business June 28, 1996. The letter stated, "The section of the proposed Commonwealth budget for fiscal year 1996–1997 relevant to the Department of Community Affairs, provides funding for one hundred positions. Since there has been no funding proposed to support

1. The Department of Community and Economic Development (Department) has re- placed the DCA and is now the respondent in this matter.

the current complement, your position will not be funded."

McAndrew filed an appeal with the Commission challenging his furlough pursuant to Sections 951(a) and (b) of the Civil Service Act (Act).[2] His claims alleged that there were funds to support his position and that he was furloughed because of discrimination based on age and political affiliation.[3] On September 24, 1997, McAndrew's appeal was heard before a hearing officer of the Commission. On October 27, 1998, the Commission issued an adjudication that dismissed both the 951(a) and (b) claims finding that credible evidence supported McAndrew's furlough based on lack of work and finding that McAndrew failed to meet his burden with respect to his age discrimination claim.[4] McAndrew then filed his petition for review with this Court.

McAndrew raises four issues for this Court's review: (1) whether the Commission erred in concluding that he was furloughed for lack of work instead of the reason stated by the DCA in the furlough letter which McAndrew contends was lack of funds; (2) whether his procedural due process rights were violated by the DCA's allegedly misleading furlough letter; (3) whether he was denied the opportunity to present testimony and evidence at the hearing because of the "switch" in the reason for the furlough; and (4) whether the Commission erred as a matter of law when it concluded that the DCA engaged in a good faith attempt to streamline its functions.[5]

Before we address the merits of McAndrew's petition for review, we must first address the Department's motion to strike McAndrew's reply brief and McAndrew's answer to that motion. The Department argues that McAndrew's reply brief should be struck because it did not raise any new matter in its brief that McAndrew had not already raised in its brief and because McAndrew's reply brief merely rehashes matters presented in its initial brief. McAndrew responds that the Department did raise new matter in its brief and that the reply brief was the only opportunity it had to respond to these new matters and address alleged misstatements in the Department's brief.

■ Pa. R.A.P. 2113 provides that "an appellant may file a brief in reply to matters raised by appellee's brief not previously raised in appellant's brief. . . ." In our opinion, a review of the parties' briefs reveals that the Department did raise new matter in its brief to which McAndrew responded. However, McAndrew's brief does rehash issues previously argued in his initial brief. Nonetheless, because McAndrew's reply brief does address new matter raised by the Department, we decline to strike the brief. Accordingly, the Department's motion to strike the reply brief is denied.

The first issue raised by McAndrew is whether the Commission erred in concluding that he was furloughed for lack of work instead of the reason he contends was stated by the DCA in the furlough letter, which was lack of funds. McAndrew argues that the Commission erred in allowing the Department to prove that he was furloughed for lack of work instead of lack of funds and that the Department should have only been permitted to prove

---

2. Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §§ 741.951(a) and (b).

3. McAndrew withdrew his political affiliation claim at his appeal hearing before the Commission and it is not before this Court.

4. McAndrew does not challenge the finding and conclusion of the Commission regarding his claim of age discrimination on appeal, therefore, it is not before this Court.

5. In reviewing a decision of the State Civil Service Commission this Court is limited to a determination of whether constitutional rights have been violated, errors of law have been committed, or whether necessary findings of fact are supported by substantial evidence. *Eastern Pennsylvania Psychiatric Institute v. Russell*, 77 Pa.Cmwlth. 390, 465 A.2d 1313 (1983).

that he was furloughed for lack of funds. The Department counters that there was no error since a furlough letter need not set forth any reason for the furlough as long as it adequately informs the employee of the fact that he will be furloughed. Moreover, the Department argues that McAndrew was well aware of the Governor's announcement and the resulting review of the DCA to determine what positions could be eliminated, since the Union was involved and there was a great deal of publicity and general office awareness.

■ A furlough is defined by Section 3(s) of the Act as "a termination of employment because of lack of funds or of work." [6] Where there has been called into question the validity of a furlough, the appointing authority has the burden to establish a prima facie case justifying the furlough, *i.e.* that the furlough resulted from a lack of funds or a lack work. *Department of State v. Stecher,* 506 Pa. 203, 484 A.2d 755 (1984).

■ This Court held in *Marks v. State Civil Service Commission,* 7 Pa. Cmwlth. 414, 299 A.2d 691 (1973), in *Department of Public Welfare v. Magrath,* 14 Pa.Cmwlth. 257, 321 A.2d 403 (1974) and again in *Eastern Pennsylvania Psychiatric Institute,* 465 A.2d at 1313, that in the case of a furlough action, the written notice required under Section 950 of the Act need not set forth reasons for the furlough. The notice is sufficient if it adequately informs the employee of the fact that he will be furloughed.[7] Here, McAndrew was adequately informed that he was being furloughed. A furlough can occur for only two reasons, lack of funds or lack of work. The record indicates that McAndrew was aware of the impending dismantling of the DCA and that jobs would be eliminated as a result of this dismantling, through the Governor's announcement, the Union and through general office aware-

ness. Clearly, McAndrew was aware that jobs were being eliminated and there would be a lack of work.

McAndrew would have us hold that if a furlough letter indicates that a person is being furloughed for lack of funds, then the appointing authority is precluded from providing prima facie evidence that the employee was furloughed for lack of work, or vice versa. He cites *McClelland v. State Civil Service Commission,* 14 Pa. Cmwlth. 339, 322 A.2d 133 (1974) and 4 Pa.Code § 105.15(a) in support of his argument.

*McClelland* involves a civil service employee being dismissed for cause, it does not involve the furlough of an employee. The employer cited two different reasons or charges for the employee's dismissal in the dismissal letter, but at the hearing before the Commission, the employer presented other reasons for the dismissal. This Court held that because the employee had adequate notice of only the two charges listed in the dismissal letter, it was a violation of the employee's due process rights to allow testimony concerning other charges or reasons for dismissal. The Court noted in its decision that 4 Pa.Code § 105.15(a) imposes upon the appointing authority the duty to go forward to establish the charges upon which its personnel action is based in order to establish a prima facie case in justification for its action.

We must conclude that our decision in *McClelland* is not applicable in cases such as the one before us now where an employee has been furloughed. First, 4 Pa.Code § 105.2 and § 105.3 do not direct the appointing authority to provide reasons for a furlough. The regulation does direct the appointing authority to list charges or reasons in the case of a dismissal. Because there is no regulation or case law that

6. 71 P.S. § 741.3(s).

7. We also note that the Civil Service Commission's regulations governing personnel actions, such as furloughs, does not require that

the notice of the furlough include a statement of reasons for the furlough. *See* 4 Pa.Code §§ 105.2 and 105.3.

requires reasons to be given in a furlough letter, the appointing authority cannot then be required to only present testimony and evidence on the "charges" or reasons outlined in the furlough letter. In addition, because there can only be two reasons for a furlough, an employee is on notice that he or she is being furloughed due to lack of funds or work. In the case of a dismissal, there could be an infinite number of reasons for the dismissal, necessitating the regulation requiring that the employee be notified of the reasons for the dismissal.

Accordingly, we cannot conclude that the Commission erred in allowing the Department to present testimony and evidence indicating that McAndrew was furloughed due to lack of work.

■ McAndrew next argues that his procedural due process rights were violated by the Department's misleading furlough letter because he was not given adequate notice of the reason for his furlough in the letter. Procedural due process requirements apply only when one is deprived of an interest encompassed within the Fourteenth Amendment protections of the Constitution, such as liberty or property rights. *Sasko v. Charleroi Area School District*, 121 Pa.Cmwlth. 220, 550 A.2d 296 (1988). McAndrew argues that he had liberty and property rights in his employment by virtue of the Civil Service Act. He cites *Pivarnik v. Department of Transportation*, 82 Pa.Cmwlth. 42, 474 A.2d 732 (1984) in support of his position.

■ *Pivarnik* states that a property right exists in public employment where the employee has an enforceable expectation of continued employment and that such enforceable expectation is present only if the employee, by statute or contract, has been granted some form of guarantee. *Id.* at 734. In Pennsylvania, public employees gain an enforceable expectation of continued employment in their jobs through legislative action. *Id.* at 734. We must agree with McAndrew that according to *Pivarnik*, the Civil Service Act does give civil service employees an enforceable expectation of continued employment. Therefore, we must examine whether McAndrew's procedural due process rights were violated in this case.

■ Due process has been defined as that which is reasonably calculated to inform interested parties of the pending action and the information necessary to provide an opportunity to present objections. *Pennsylvania Coal Mining Association v. Insurance Department*, 471 Pa. 437, 370 A.2d 685 (1977). McAndrew was afforded due process when he was given the letter informing him of the furlough. There is no statute, regulation or case law that states that the specific reason for a furlough must be given to the employee. By statute there can only be two reasons for a furlough, lack of funds or lack of work. Here, McAndrew was aware of the impending dismantling of the DCA and that jobs would be eliminated due to this dismantling through various means. Moreover, the furlough letter stated that the upcoming funding would only provide for one hundred positions to be maintained. Logically, this would mean that jobs were being eliminated. Because the record indicates that McAndrew was aware of the impending dismantling and job eliminations, we cannot conclude that his procedural due process rights were violated in any way by the furlough letter.

■ Next, McAndrew argues that he was denied the opportunity to present testimony and evidence at the hearing because of what he terms the "switch" in the reason for his furlough. He alleges that he was denied the opportunity to put forth evidence concerning the lack of work reason for his furlough. A review of the record does not reveal that McAndrew was, at any point during the hearing, denied the opportunity to present testimony or evidence or cross-examine witnesses by asking relevant questions.

As pointed out by the Commission in its decision, McAndrew chose to appear at the

hearing without benefit of legal counsel. The record indicates that he was informed of his right to legal counsel and that he would have the opportunity to cross-examine witnesses, examine documents, and make objections, as well as provide testimony and evidence on his on behalf. The record reveals that he was provided these opportunities. During the hearing he did not request a continuance due to his alleged "surprise" in order to better prepare by gathering more evidence, nor did he request subpoenas for witnesses to rebut testimony and evidence concerning the lack of work situation. These were avenues available to McAndrew at that time. As cogently stated by the Pennsylvania Supreme Court, "Any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." *Vann v. Unemployment Compensation Board of Review*, 508 Pa. 139, 494 A.2d 1081 (1985). Unfortunately for McAndrew, we cannot conclude that he was denied the opportunity at the hearing to put forth evidence on his behalf.

Finally, McAndrew argues that the Commission erred as matter of law when it concluded that the DCA engaged in a good faith attempt to streamline its functions. We must disagree with McAndrew.

A reading of his brief reveals that McAndrew does not argue or cite any case law that would support an argument that the Department's evidence did not legally support a finding of a good faith attempt to streamline its functions. Instead, his argument is more similar to one concerning substantial evidence and it attacks the credibility of the Department's witnesses and their testimony. In addition, he argues that his testimony and the testimony he could have offered are more credible and show that there was no good faith effort on the part of the DCA to streamline its functions.

 It is well settled that the Commission has the inherent power to determine the credibility of witnesses and the value of their testimony. *Stover v. Department of Environmental Resources*, 161 Pa.Cmwlth. 325, 636 A.2d 1275 (1994). Based upon the testimony of the Department's witnesses, the Commission found that the Department had met its burden of proving lack of work justifying McAndrew's furlough. In making its findings, the Commission must base the findings upon substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support the conclusion. *Id.* at 1277. Our review of the record indicates that the Commission's findings were based upon substantial evidence in the record, therefore, its conclusion that Department met its burden of proving the lack of work to justify the furlough is not in error.

Accordingly, based upon the reasons cited above, the order of the Commission upholding the furlough of McAndrew by the DCA is affirmed.

## ORDER

AND NOW, this 29th day of June, 1999, the order of the State Civil Service Commission at number 19485, mailed October 27, 1998, is affirmed. In addition, Respondent's motion to strike Petitioner's reply brief is denied.