758 A.2d 1167

**William G. McANDREW, Appellant,**

v.

**STATE CIVIL SERVICE COMMISSION (DEPARTMENT OF COMMUNITY AND ECONOMIC DEVELOPMENT), Appellee.**

Supreme Court of Pennsylvania.

Argued May 1, 2000.

Decided Sept. 28, 2000.

Reconsideration Denied Jan. 3, 2001.

William T. Jones, Robert A. Preate, Levy & Preate, Scranton, Richard DiSalle, Rose, Schmidt, Hasley & DiSalle, PC, Pittsburgh, for appellant, William G. McAndrew.

George A. Michak, Acting Chief Counsel, Community & Economic Development, Nancy J. Kippenhan, Annville, for appellee, State Civil Service, et al.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

*O R D E R*

PER CURIAM:

Appeal dismissed as having been improvidently granted.

Justice CAPPY files a dissenting statement in which Justice NIGRO joins.

CAPPY, Justice, dissenting.

The majority has chosen to dismiss this matter as improvidently granted. I respectfully dissent from that decision.

Our system of dispute resolution rests upon the bedrock foundation that due process of law requires, *inter alia*, meaningful notice. One reason for this elementary requirement of meaningful notice is that justice is best served when both parties are apprised of the issues involved in a case so that they may be fully prepared to advocate their side of the dispute and to educate the tribunal about the matter. Without meaningful notice of the points at issue, an adjudication would devolve into nothing more than trial by ambush.

Appellant William McAndrew was denied meaningful notice in this case. Mr. McAndrew, a fourteen-year civil servant, received a furlough notice from the Department of Community Affairs advising him that he was being dismissed because his "position will not be funded." At the hearing before the State Civil Service Commission, Mr. McAndrew was prepared to contest his furlough on the Department's stated reason of a lack of funding. However, without amending its reason for furlough prior to the hearing, the Department proceeded on a different basis for dismissal before the Commission. Specifically, at the hearing the Department contended that Mr. McAndrew was furloughed due to lack of work.

This "switch in time" deprived Mr. McAndrew of the opportunity to challenge the Department's actions and provide the

Commission with relevant evidence regarding his furlough for lack of work. Of greater import, the notice was in violation of the clear and unambiguous terms of the Commission's own Policy Management Directive that requires a notice to a furloughed employee to include, *inter alia,* the reason for the furlough. Policy Directive 580.11; *cf. Housing Authority of the County of Chester v. State Civil Service Commission,* 556 Pa. 621, 730 A.2d 935 (1999)(policy directive has same force of law as regulation).

As Mr. McAndrew was denied an opportunity to refute the Department's newly offered reason for furlough and because the Commission disregarded its own legally binding directive, I respectfully dissent and would reverse the order of the Commonwealth Court.

Justice NIGRO joins this dissenting statement.