**Wade T. FATOOL, Petitioner**

v.

**STATE CIVIL SERVICE COMMISSION (Danville State Hospital), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 23, 2010.

Decided Jan. 26, 2011.

Reconsideration Denied March 24, 2011.

---

Wade T. Fatool, pro se.

Frederick C. Smith, Jr., Harrisburg, for Respondent State Civil Service Commission.

Peter J. Garcia, Harrisburg, for Respondent Danville State Hospital.

BEFORE: LEADBETTER, President Judge, PELLEGRINI, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge PELLEGRINI.

Wade T. Fatool (Petitioner) appeals *pro se* from the decision of the State Civil Service Commission (Commission) declining to reconsider its order removing Petitioner from his position as Therapeutic Recreational Service Supervisor (TRS Supervisor) at the Danville State Hospital (Employer), demoting Petitioner to the position he held prior to his promotion to TRS Supervisor, and awarding the position of TRS Supervisor to Walter J. Madalis (Madalis).[1] For the reasons that follow, we affirm.

This case stems from a job posting by Employer for a TRS Supervisor to which Petitioner, Madalis and four others applied. The required qualifications for the job were either (1) one year as a Therapeutic Recreational Services Worker, (2) two years of professional experience in the field of therapeutic recreation plus a college degree with certain required coursework, or (3) any equivalent combination of experience and training. Petitioner scored highest on answers to a questionnaire given by Employer as part of the application, and Madalis scored second highest. On the basis of his high score, Petitioner was awarded the position. Madalis, who had filled the position on an interim basis and had a bachelor's degree in therapeutic recreation and over 30 years experience, filed suit with the Commission alleging, among other things, age discrimination, that Petitioner was unqualified for the position because he had no experience, degrees or certifications in the field of therapeutic recreation, and because one of the interviewing supervisors, who did not have a college degree, was intimidated by candi-

---

[1]. Petitioner also appealed from the original order of the Commission, but he did not do so within 30 days of the issuance of the order. In a prior opinion issued in this appeal, we held that Petitioner's appeal was untimely with regard to the original order but timely with regard to the denial of reconsideration. Therefore, only the denial of reconsideration is before us. *Fatool v. State Civil Service Commission (Danville State Hospital)* (Pa. Cmwlth. at No. 1323 C.D. 2010, September 28, 2010).

dates with college degrees and made it a practice of hiring personnel without degrees over those with degrees.

In response to Madalis' allegations, the Commission held a hearing. Well in advance of the hearing, the Commission mailed a notice to Petitioner, informing him that he was an indispensable party to the action and had the option of participating in the hearing, including presenting testimony and evidence and retaining legal counsel, if he chose. The notice stated that Madalis' claim challenged the "propriety of your appointment" and warned, "If you decline to participate as a party in the litigation, the case will be heard without you. A decision in favor of [Madalis] in this case may result in your removal from the position to which you have been appointed." (Reproduced Record at Tab A.) Petitioner called the Commission and informed it that he did not wish to participate in the case, which then proceeded without him.

Following the hearing, the Commission found that Petitioner was improperly granted an interview because he did not have enough experience and qualifications for the position of TRS Supervisor. The position required two years of professional experience as of the time the posting for the job closed, June 11, 2009. Because his civil service application stated that he was appointed to the position of Therapeutic Activities Services Worker on July 28, 2006, it appeared that Petitioner had the required experience. In reality, he had been appointed to that position on July 28, 2007, giving him slightly less than two years experience. On this basis alone, the

Commission concluded that he should not have been granted an interview.

The Commission then determined that even if the date of either Petitioner's certification as TRS Supervisor or his actual starting date was used, both of which were beyond two years from his July 2007 appointment, he still did not have the required credentials for the job because he did not have a college degree or the equivalent level of training and experience. Consequently, the Commission found that Petitioner had been improperly appointed to the position of TRS Supervisor, demoted him to his previous position, and appointed Madalis, who finished second in the interview process, to TRS Supervisor.[2]

■■■ The Commission mailed a copy of this determination to Petitioner, who filed a petition for reconsideration. In his petition, Petitioner did not dispute any of the findings of the Commission, but instead stated that he did not attend the hearing because he did not know his qualifications were in question or that he would have to defend his job. He then provided a long list of reasons why he was qualified for the position, none of which were included in the record before the Commission because he did not attend the hearing and none of which contradicted any of the findings of the Commission. In response, the Commission sent Petitioner a letter stating that because he chose not to participate in the hearing, he lacked standing to add to the record or to request the Commission to reconsider its decision. This appeal, which is being treated as an appeal of the denial of reconsideration only, followed.[3]

2. Because of the way it ruled, the Commission did not consider Madalis' other claims of discrimination.

3. Our scope of review in an appeal of an agency's grant of a request for reconsideration or the denial thereof is limited to whether

the agency abused its discretion. *Muehleisen v. State Civil Service Commission*, 66 Pa. Cmwlth. 95, 443 A.2d 867 (1982). We will not review the actions of an administrative tribunal involving acts of discretion absent bad faith, fraud, capricious action or abuse of power. *Pennsylvania State Association of*

■ On appeal, Petitioner contends that he had no knowledge that he would lose his right to appeal by not participating in the hearing, that his qualifications were at issue in the case, or that he would have to defend his appointment. It appears his basic contention is that he was denied due process in that he was demoted following the hearing before the Commission without the knowledge that his job might be in jeopardy or that he should offer testimony or evidence defending his job.[4]

Due process, in the context of a civil service hearing, has been defined as "that which is reasonably calculated to inform interested parties of the pending action and the information necessary to provide an opportunity to present objections." *Ellerbee–Pryer v. State Civil Service Commission*, 803 A.2d 249, 255 (Pa.Cmwlth. 2002); *see also McAndrew v. State Civil Service Commission (Department of Community and Economic Development)*, 736 A.2d 26 (Pa.Cmwlth.1999), *petition for allowance of appeal dismissed*, 563 Pa. 168, 758 A.2d 1167 (2000), *cert. denied*, 532 U.S. 1066, 121 S.Ct. 2216, 150 L.Ed.2d 210 (2001). Petitioner's protestations to the contrary, he was clearly notified in ample time that the "propriety of your appointment" was at issue, that he could participate fully in the hearing before the Commission, that if he chose not to participate the hearing would go on without him, and that "this case may result in your removal from the position to which you have been appointed." This notification informed Petitioner of the pending action, provided him with the opportunity to present objections, and warned him of the potential consequences of not participating. Despite this warning, Petitioner chose of his own volition not to participate. Consequently, Petitioner's due process rights were not violated.

For the foregoing reasons, the decision of the Commission denying Petitioner's request for reconsideration is affirmed.

## ORDER

AND NOW, this *26th* day of *January*, 2011, the order of the State Civil Service Commission, dated May 28, 2010, is affirmed.

---

*Township Supervisors v. State Ethics Commission*, 92 Pa.Cmwlth. 544, 499 A.2d 735 (1985).

4. Petitioner cites no legal authority in his brief.