# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gary Cell,                                          :
                Petitioner      :
                                   :
             v.                          :  No. 1527 C.D. 2022
                                   :  Submitted: September 9, 2024
Department of Human Services,                       :
                Respondent     :

**BEFORE:**     **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                       **HONORABLE PATRICIA A. McCULLOUGH,** Judge
                       **HONORABLE ANNE E. COVEY,** Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**      **FILED: October 7, 2024**

Petitioner Gary Cell (Cell), proceeding pro se, petitions for review of the Secretary of Human Services' (Secretary) deemed denial of Cell's request for reconsideration of a Final Administrative Action Order (Final Order) by the Department of Human Services (DHS), Bureau of Hearings and Appeals (BHA), related to Supplemental Nutrition Assistance Program (SNAP) benefits. Before this Court, Cell raises numerous arguments as to why the Final Order was erroneous. However, because Cell did not seek review of that decision, our review is limited to whether the Secretary committed an abuse of discretion in denying Cell's reconsideration request. Given the limited issue before this Court, and the lack of argument as to how the denial amounted to an abuse of discretion, we are constrained to affirm.

By way of brief background, Cell appealed multiple SNAP eligibility notices issued by DHS in 2021, which were consolidated by the BHA. The BHA sustained, in part, denied, in part, and dismissed, in part, Cell's consolidated administrative appeal in its May 16, 2022 Final Order. Thereafter, Cell requested reconsideration from the Secretary, which was deemed denied by operation of law on July 5, 2022, because the Secretary did not act on the request within 30 days. *See* Section 35.241(d) of the General Rules of Administrative Practice and Procedure, 1 Pa. Code § 35.241(d) ("Unless the agency head acts upon the application for rehearing or reconsideration within 30 days after it is filed, or within the lesser time as may be provided or prescribed by law . . . , the application shall be deemed to have been denied."); *see also Neyman v. Dep't of Hum. Servs.* (Pa. Cmwlth., No. 1118 C.D. 2021, filed March 17, 2023), slip op. at 5 ("Generally, if a timely application for reconsideration is filed, an agency has 30 days from the date of the filing to act on the request. 1 Pa. Code § 35.241(d). If the agency does not act on the application, it shall be deemed denied.").[1] Cell filed a Petition for Review challenging the denial of reconsideration.[2]

On appeal, Petitioner challenges the denial of reconsideration on multiple grounds, including that he did not receive a fair hearing because he did not receive

[1] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

[2] On July 7, 2022, the Secretary issued a formal order denying the request for reconsideration. However, as we explained in our per curiam Memorandum and Order denying DHS's motion to dismiss Cell's Petition for Review as untimely, "[a]ny order by the Secretary purporting to dispose of the request for reconsideration after it is deemed denied is void." (7/17/23 Memo. & Order at 1 (citation omitted).) Thus, although Cell's Petition for Review was technically untimely as it was filed more than 30 days after the deemed denial, we allowed the Petition for Review *nunc pro tunc* based on a statement in the Secretary's July 7, 2022 order stating Cell had **30 days therefrom** to seek review before this Court and Cell's Petition for Review was filed within that timeframe. (*Id.* at 2-3.)

2

copies of the documents DHS used at the hearing five days prior to the hearing, and that DHS was in "contempt"[3] of previous BHA orders. DHS argues that Cell's failure to address, let alone offer, any facts or argument on the issue of whether the Secretary abused her discretion, coupled with Petitioner's failure to file a petition for review of the Final Order, constitutes waiver of both issues.

We begin with which order and issues are properly before this Court for review. It is undisputed that Cell did not seek review of the Final Order. Instead, the Petition for Review encompasses only the denial of reconsideration. In *Muehleisen v. State Civil Service Commission*, we held that where a petitioner had timely filed a petition for review of a denial of reconsideration, rather than the State Civil Service Commission's underlying dismissal of the administrative appeal, the only issue before this Court was the denial of reconsideration. 443 A.2d 867, 869 (Pa. Cmwlth. 1982). More recently, in *Gerber v. Department of Public Welfare* (Pa. Cmwlth., No. 1712 C.D. 2013, filed June 3, 2014), slip op. at 4, we limited our review to the issue of whether the Secretary committed an abuse of discretion in denying reconsideration because the reconsideration denial was timely appealed, but the final order was not. *See also Ciavarra v. Commonwealth*, 970 A.2d 500, 502 n.2 (Pa. Cmwlth. 2009) ("If [] [the petitioner] were appealing only the denial of reconsideration, [] [the petitioner] would not be entitled to a review of the [] decision on the merits.") (citation omitted). As such, our review is limited to the denial of reconsideration, and not the merits of the unappealed Final Order.

"An agency's decision to grant or deny a request for reconsideration is a matter of discretion and will be reversed only where that discretion is abused." *K.G. v. Dep't of Hum. Servs.*, 187 A.3d 276, 279 (Pa. Cmwlth. 2018) (citation omitted).

---

[3] Petitioner uses the term "contempt" throughout Petitioner's Brief. (*See, e.g.*, Petitioner's Brief (Br.) at 11-12, 18, 21-22.)

"[A]n abuse of discretion occurs when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." *B.B. v. Dep't of Pub. Welfare*, 118 A.3d 482, 485 (Pa. Cmwlth. 2015) (internal quotation marks omitted) (quoting *Payne v. Workers' Comp. Appeal Bd. (Elwyn, Inc.)*, 928 A.2d 377, 379 (Pa. Cmwlth. 2007)). "We will not review the actions of an administrative tribunal involving acts of discretion absent bad faith, fraud, capricious action or abuse of power." *Fatool v. State Civ. Serv. Comm'n*, 14 A.3d 919, 921 n.3 (Pa. Cmwlth. 2011) (citation omitted).

However, where a petitioner fails to address the abuse of discretion standard and instead makes merits arguments regarding an underlying determination, we have declined to consider such arguments and found no abuse of discretion. In *Kahan v. Department of Human Services* (Pa. Cmwlth., No. 166 C.D. 2015, filed on January 11, 2016), slip op. at 7, for instance, we were unable to address whether the Secretary committed an abuse of discretion in denying reconsideration because all of the petitioner's arguments surrounding the Secretary's purported abuse of discretion were based on alleged errors by the BHA and the administrative law judge.

Here, the bulk of Cell's arguments surround DHS's and BHA's alleged refusal to enforce orders issued throughout the administrative proceedings. Importantly, DHS is correct that Cell does not cite any legal authority, nor address and satisfy the high bar establishing an abuse of discretion. Instead, Cell attacks the BHA, claiming, among other things, that it was in "contempt" of previously issued orders, willfully failed to enforce orders, and violated rules and regulations promulgated by DHS, without identifying which rules or regulations have purportedly been violated. However, as discussed above, Cell did not appeal the Final Order and we are unable,

4

under well-established precedent, to address those arguments. Thus, as we did in *Kahan*, we are constrained to affirm the denial of reconsideration.

_____
**RENÉE COHN JUBELIRER,** President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gary Cell,                       :

                  Petitioner        :

                      :

            v.                :    No. 1527 C.D. 2022

                      :

Department of Human Services,     :

                  Respondent     :

## O R D E R

**NOW**, October 7, 2024, the Secretary of Human Services' deemed denial of reconsideration is AFFIRMED.

_____
**RENÉE COHN JUBELIRER,** President Judge